**EMPLOYERS' CASUALTY CO. v. T. E. WIGGINS, Inc.**

No. 22047.    May 22, 1934.

George F. Short and Clifford W. King, for plaintiff in error.

Spiers & Bodovitz, for defendant in error.

RILEY, C. J. This is an appeal from a judgment rendered against plaintiff in error upon a cross-petition in an action wherein plaintiff in error, plaintiff below, sought judgment against defendant for a balance alleged to be due upon a workmen's compensation policy of insurance.

It appears that on August 31, 1928, plaintiff issued to defendant its workmen's compensation policy running one year from September 5, 1928. Defendant was a general contractor engaged in work of excavation, concrete construction, and the building of bridges.

Paragraph one (a) of the policy provided for payment by the Casualty Company to all persons entitled thereto such amount as might become due under Workmen's Compensation Statutes cited and described in indorsement attached to the policy.

Paragraph one (b) in part provided:

"To indemnify this employer against loss by reason of the liability imposed upon him by law for damages on account of such of said employees as are legally employed wherever such injuries may be sustained within the territorial limits of the United States of America or the Dominion of Canada."

An indorsement attached to the policy provides:

"The obligations of the company under paragraph 1 (b) of the policy to which this indorsement is attached are hereby limited to the sum of ten thousand dollars ($10,-000.00) dollars for each person injured in

the event that such injury results in death, instead of five thousand dollars ($5,000.00) as previously provided, and in consideration therefor the rate per hundred dollars of remuneration set forth in the schedule on the third page of such policy is increased by six per cent. (6%), which increase is provided for in the rate charged in the third page of said policy.

"The policy to which this indorsement is attached is written on the basis of a monthly adjustment of premium charge based on the entire earnings, or salaries or wages paid to the employees of the assured."

The second paragraph of item 2 of "Declarations," attached to and made a part of the policy, reads:

"Locations of all factories, shops, yards, buildings, premises or other work places of this employer by town or city, with street and number; State of Oklahoma."

This action was commenced by the insurance company; the claim being that defendant was indebted to it for a balance due on the premium. Its contention is that the premium rate was based upon the number of employees engaged by defendant, and therefore the amount of premium due could not be determined without an inspection and audit of defendant's books, and that an examination of said books had been denied. It prayed for an accounting and for judgment for such sum as should be found due.

Defendant answered by way of general denial and counterclaim. The basis of the counterclaim was that one of defendant's employees, one Robert D. Sprouse, while in the employ of defendant and working temporarily at Van Buren, Ark., suffered an injury, on account of which said employee instituted an action for damages against defendant in the state of Arkansas. The defendant had notified plaintiff of said action and requested it to defend same, which it refused to do. That in defending and settling said action in Arkansas, defendant had expended the sum of $287.99, which sum plaintiff refused to pay to defendant, and for this sum defendant prayed judgment.

The cause was tried to the court without a jury, resulting in judgment for the contractor for the full amount thereof, and plaintiff appeals.

There are nine assignments of error, but they may all be said to be included in the sixth, which is that the court erred in rendering judgment for defendant upon the cross-petition in that the court misconstrued the policy of insurance in holding that the provisions thereof applied to an alleged injury occurring in the state of Arkansas.

It is conceded that there was no Workmen's Compensation Law in effect in the state of Arkansas at the time the policy was in force. It follows that there was no obligation on the part of the insurance company to pay the injured employee anything whatever under paragraph one (a), which applies only to payments to persons entitled thereto under the Workmen's Compensation Law.

By that part of paragraph one (b) above quoted, there would appear to be a clear liability unless by some other proviso of the policy such liability is removed.

Plaintiff contends that the policy was intended to, and in fact covers only such liabilities as might arise or accrue under the Workmen's Compensation Law of and within the state of Oklahoma, in so far as paragraph one (a) is concerned, and that liability of the insurance company under paragraph one (b) is limited to indemnity of the employer against loss by reason of the liability imposed by law for damages on account of injuries to employees sustained within the territorial limits of the state of Oklahoma.

To sustain this contention plaintiff points to the provisions of the second paragraph of item two of the Declarations, signed by defendant and made a part of the policy, that the location of all factories, shops, yards, buildings, premises, or other work places of the employer were "State of Oklahoma." Also paragraph M of the "Conditions," under which the policy was issued, which reads:

"The statements in items 1 to 7, inclusive, in the Declarations hereinafter contained, are true; those stated as estimates only are believed to be true. This policy is issued upon such statements and in consideration of the provisions of the policy respecting its premium and the payment of the premium in such Declarations expressed."

It is apparent that paragraph one (a) was intended to cover only liability arising under Workmen's Compensation Statutes, and only the statutes of such states as were cited and described in an indorsement attached to the policy. In this case only "Okla. W. C."

It is also apparent that paragraph one (b) was intended to cover indemnity against loss by reason of liability imposed upon the employer by law for damages on account of injuries to such of the employees of the insured as were legally employed, wherever such injuries might be sustained within the

territorial limits of the United States of America or the Dominion of Canada.

Nothing whatever was required to be indorsed as to such laws or the statutes of any state or the Dominion of Canada. In other words, before any liability could arise by reason of the provisions of any Workmen's Compensation Statute, there must have been an indorsement showing the state or states to be covered by the policy. But as to the indemnity clause, the liability is and was co-extensive with the territorial limits of the United States and the Dominion of Canada.

There is nothing in the Declaration as to the location of factories, shops, yards, buildings, premises, or other work place of the employer to indicate that it was intended to limit the indemnity clause of the policy to operations wholly within the state of Oklahoma.

If there be any ambiguity of the contract of insurance in this respect, then the doubt must be resolved in favor of the insured.

The general rule is stated in 32 C. J. 1152, as follows:

"It is a cardinal principle of insurance law that a policy or contract of insurance is to be construed liberally in favor of insured and strictly as against the company. Stated more fully, the rule is that, where, by reason of ambiguity in the language employed in a policy of contract of insurance, there is doubt or uncertainty as to its meaning, and it is fairly susceptible of two interpretations, one favorable to insured and the other favorable to the company, the former will be adopted."

The reasons for the rule are said to be that the insurance contract is prepared or written by the insurer and the insured has no voice in the selection or arrangement of the words employed, and that the language of the contract is selected with care and deliberation by experts and legal advisors employed by and acting exclusively in the interest of the insurer, and it is at fault for any ambiguity or uncertainty therein. The rule is applicable to all kinds of insurance and to all parts of each contract, including conditions or other provisions employed for the purpose of creating exceptions or limitations upon the liability of the insurer and conflicting, inconsistent, or repugnant provisions. 32 C. J. 1155-1157.

The trial court was therefore justified in holding, in effect, that paragraph one (b) covered liability imposed upon the insured by any law of the state of Arkansas for damages on account of injuries to an employee legally employed by the insured within the period covered by the policy, although the injuries were received in that state.

The judgment is affirmed.

CULLISON, V. C. J., SWINDALL, ANDREWS, and OSBORN, JJ., concur.