PORTER A. HURT *v.* PENNSYLVANIA THRESHER-
MEN & FARMERS' MUTUAL CASUALTY
INSURANCE COMPANY

[No. 23, October Term, 1938.]

*Decided November 16th, 1938.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Raymond S. Williams* and *George Cochran Doub,* with whom was *R. Lewis Bainder* on the brief, for the appellant.

*Roszel C. Thomsen* and *W. Hamilton Whiteford,* with whom were *Walter L. Clark* and *Webster C. Tall* on the brief, for the appellee.

BOND, C. J., delivered the opinion of the Court.

The appellant, an exerciser of race horses for a trainer, his employer, was awarded workmen's compensation by

the State Industrial Accident Commission of Maryland for disability from an injury sustained in the state (Code, art. 101), and, having failed to obtain payment, sued the employer for it, and recovered judgment, under the Speedy Judgment Act of Baltimore City. Charter, sec. 404 *et seq.* The employer being insolvent, execution failed, and the judgment creditor, the employee, has sought recovery on a policy of insurance issued to the employer by the appellee company. The trial court held that the employer had not, on this policy, obtained insurance against the liability sued on, and accordingly directed a verdict for the company; and the plaintiff employee appeals from the resulting judgment. Only the exceptions to the direction of the verdict are pressed, and they bring up only the question of applicability of the policy.

The evidence is that the employer, Lucius P. Harlan, a resident of Hatboro, Montgomery County, Pennsylvania, was engaged in training race horses belonging to his father while they were at race tracks in Maryland, New York, and elsewhere, and that he employed the appellant as an exercise boy, and another as groom or rubber. And the accidental injury to the boy occurred in Maryland on April 6th, 1937. About a year earlier, the employer, when at the Belmont Park race track in New York, had requested a Miss Yerkes, who was also at the track, to cover his men with insurance. Miss Yerkes was a neighbor and acquaintance of many years who, with a sister, carried on an insurance and real estate business at the place of the employer's residence. A declaration on a filled-in form, attached to the policy as a basis of its issue, but which the employer testified was not in his words, stated only that the "Location of the Risk" was "Montgomery County and elsewhere in Pennsylvania." Miss Yerkes testified that she ordered by telephone insurance "for Lucius P. Harlan at Idle Dell, Montgomery County, Pennsylvania," giving the address, and adding that the employees worked at tracks in Maryland, New York and Florida, and were to be covered wherever they

were. Admissibility of the negotiations in evidence need not be discussed now. A workmen's compensation policy, so entitled, was obtained from the company now sued, on May 7th, 1936, and in it the risk was located, in accordance with the declaration, only in Pennsylvania. It had attached to it two riders or endorsements, a "Standard Pennsylvania Workmen's Compensation Endorsement," and one entitled "Endorsement: Employer's Liability," the latter in these terms:

"One (b) to indemnify this employer against loss by reason of the liability imposed upon him by law for damages on account of such injuries to such of said employees as are legally employed wherever such injuries may be sustained within the territorial limits of the United States of America or the Dominion of Canada. In the event of the bankruptcy or insolvency of this employer the company shall not be relieved from the payment of such indemnity hereunder as would have been payable but for such bankruptcy or insolvency. If because of such bankruptcy or insolvency, an execution against this employer is returned unsatisfied in an action brought by the injured, or by another person claiming by, through or under the injured then an action may be maintained by the injured, or by such other person claiming by, through or under the injured, against the company under the terms of this policy for the amount of the judgment in said action not exceeding the amount of this policy.

"It is hereby understood and agreed between the Company and the employer that the Company's limit under Paragraph One (b) above noted shall be limited to $25,000 as the result of one or more claims arising from a single accident.

"It is also agreed that Paragraph One (b) stated above does not afford insurance with respect to occupational disease."

There is thus no clause providing the employer with workmen's compensation insurance in terms anywhere except in Pennsylvania, but on behalf of the appellant

it is contended that the quoted rider should be construed to extend insurance of that kind to cover an award in Maryland. Some correspondence between the parties seems opposed to that conclusion.

When the policy was issued and forwarded to Miss Yerkes, there followed correspondence concerning the amount of the employer's pay roll and the corresponding compensation insurance premium, an adjustment of the two figures having been reserved ultimately, and concerning the extent of the insurance. The discussion on this latter subject, received in evidence subject to exception, was subsequently stricken out on the plaintiff's motion. In so far as there might be in the terms of the policy any uncertainty in extent of the insurance, it would be admissible as evidence of an interpretation by both parties, Miss Yerkes having acted as agent for the employer. *American Fire Ins. Co. v. Brooks,* 83 Md. 22, 34 A. 373. Where there is any uncertainty in the terms used, the construction placed upon them by both parties, before any controversy has arisen, would be an important aid in construction. *Citizens' Fire Ins. Co. v. Doll,* 35 Md. 89, 107; *Mitchell v. Wedderburn,* 68 Md. 139, 145, 11 A. 760; *Canal Company's Case,* 83 Md. 549, 618, 35 A. 161, 354, 581; *Dexter Sulphite Pulp & Paper Co. v. McDonald & Fisher,* 103 Md. 381, 391, 63 A. 958; *Product Sales Co. v. Guaranty Co.,* 146 Md. 678, 682, 127 A. 409. Presumably this part of the correspondence was stricken out, as would then be necessary, because the trial court concluded that the written terms of the insurance were free from doubt.

Miss Yerkes, on receipt of the policy from the company's agent in Philadelphia, wrote him on May 27th, 1936, "I note that this covers Livery Stable in Montgomery County and elsewhere in Pennsylvania. It was our understanding that this was to cover anywhere in the United States the employees of this particular stable, whether they should be at the track or at 'Idle Dell Farms.' Should the policy be endorsed?" To this the agent, on June 3rd, 1936, quoted a reply in a letter from

the home office of his company: "This contract like any other policy provides coverage for Montgomery County (the location of the risk) and elsewhere in Pennsylvania. If the assured has out of state work, exceeding ninety consecutive days, it is naturally necessary that he have compensation coverage elsewhere." And the agent himself added, "In other words, this policy will cover the assured in the State of Pennsylvania at all times and out of the state for a period not exceeding ninety consecutive days. This is in accordance with the Workmen's Compensation Law, applying to employees who are citizens of the State of Pennsylvania only. We trust this answers your inquiry." Only compensation insurance was the subject of this discussion. There was no change made as a result of it; no additional insurance was taken out by endorsement or otherwise; the insurance as written was retained. *Commercial Casualty Co. v. Schmidt,* 166 Md. 562, 571, 171 A. 725; *Bitting v. Home Ins. Co.,* 161 Md. 56, 64, 155 A. 329.

These communications do not show an extension of the insurance beyond the letter of the policy; they rather tend, as stated, to show that there was none, and that the limitation to Pennsylvania was understood. A misunderstanding in the formation of the contract, if there had been one, would not, in an action at common law, even if it would in equity, enable the court to make an alteration of it. The suit is not one for reformation, ignoring now any question whether the employee would be in a position to bring such a suit; and in the absence of an extension by addition of an endorsement as suggested, or otherwise, the intention in the policy as it is must determine the scope of the insurance.

Recurring then to the rider, or endorsement, in which the extension of the compensation insurance is sought, the well-known distinction between workmen's compensation insurance, that to cover liability for the fixed weekly sums payable upon disability from accidental injuries within the purview of the statutes, and employers' liability insurance, against damages recoverable in

suits at law, would, in the absence of any contradiction, tend toward an inference that this endorsement, for "Employers Liability," is not concerned with awards of workmen's compensation. And the limitation of $25,000 upon insurance payable under it, which is not appropriate to the scheme of weekly payments under a compensation statute, is another indication of the distinction contemplated.

The description of the subject of the insurance, "liability imposed upon him by law for damages on account of such injuries to such of said employees as are legally employed wherever such injuries may be sustained within the territorial limits of the United States," is cited as broad enough to cover the liability for compensation awards and a Canadian decision, in *Chamberlain v. North American Accident Ins. Co.*, 9 Alberta Law Rep. 538, 28 Dom. L. R. 298, upheld substantially that interpretation, drawing no distinction between "damages" and "compensation" covered. The court in that case, however, seems not to have felt itself restricted to the intention of the parties as the courts of this state have been. *Frontier Mortgage Corp. v. Heft*, 146 Md. 1, 12, 13, 125 A. 772; *Landwehr v. Life Ins. Co.*, 159 Md. 207, 211, 150 A. 732; *American Automobile Ins. Co. v. Fidelity & Casualty Co.*, 159 Md. 631, 636, 152 A. 523. In the case of *United States Fidelity & Guaranty Co. v. Taylor*, 132 Md. 511, 514, 104 A. 171, 172, this court, in considering a policy furnishing insurance against liability for compensation and "to indemnify the employer against loss by reason of the liability imposed upon the employer by law for damages on account of such injuries or death," the words of the present endorsement with immaterial differences, said, "There are two distinct obligations upon the insurance company—one to secure payment of the compensation to the employee, and the other to indemnify the employer against loss for the liability imposed upon him by law for damages on account of such injuries or death."

The word "damages," while a word loosely used, is in

its ordinary acceptation opposed to awards of previously fixed compensation. The compensation statutes of the country contrast the two sharply. Section 14 of the Maryland statute provides that when añ employer fails to secure the prescribed insurance an injured employee or his dependents may "elect to claim compensation under this article, or to maintain an action in the Courts for damages on account of such injury." And so it is throughout section 58, providing for suíts against third party tort feasors. "Where injury or death for which compensation is payable under this Article, was caused under circumstances creating a legal liability in some person other than the employer to pay damages," a proceeding may be brought "against that other person to recover damages or against the employer for compensation." "If damages are recovered in excess of the compensation already paid or awarded" disposition shall be made of them as stated in two other clauses of the section.

The distinction was observed by this court in *Bethlehem Steel Co. v. Variety Iron & Steel Co.*, 139 Md. 313, 325, 115 A. 59, 63, in saying, "The liability which the employer is thus authorized to enforce is 'the liability of such third person,' and the only liability of 'such third person' referred to in the act is the liability for 'damages,' which the injured employee could have enforced had he elected to do so. This liability is not limited by the act to the compensation awarded." And see page 323, 115 A. 59. In *State v. Bennett Building Co.*, 154 Md. 159, 167, 140 A. 52, 55, a suit for damages by an employee of a subcontractor against the general contractor, who was required by the statute to secure payment of compensation to such employees, the court said, "The result of this contention would be to impose upon the general contractor an onerous and dual liability for compensation or damages, at the election of the employees of the subcontractor, while limiting his liability to his own immediate workmen to compensation alone." And statements to the same effect are to be found in

*Solvuca v. Ryan & Reilly Co.,* 129 Md. 235, 239, 98 A. 675; *Hagerstown v. Schreiner,* 135 Md. 650, 654, 109 A. 464; *State v. New York, P. & N. R. Co.,* 141 Md. 305, 308, 310, 311, 118 A. 795; *Victory Sparkler Co. v. Francks,* 147 Md. 368, 375, 128 A. 635. See *Jones, Digest of Workmen's Comp. Laws,* under the heads of "Where Injury is caused by Third party" and "Suits for Damages," in each other American jurisdiction; *State v. Industrial Commission,* 106 Ohio St. 82, 86, 138 N. E. 530; *Sutherland, Damages* (5th Ed.) sec. 1360.

Liability for damages means a liability for an amount to be ascertained by trial of the facts in particular cases, as contrasted with an amount previously ascertained by law for defined classes of disabilities. *Erie R. Co. v. Linnekogel,* 2 Cir., 248 Fed. 389, 392; 2 *Blackstone, Comm.,* 436; *Bacon's Abridgement, "Damages";* 1 *Bouv. Law. Dict. (Rawle's Third Revision)* 749, *Damages.* The Canadian court has given the word an extension which we are unable to find as the intention of the parties to the present contract. We construe it, as stated, to be opposed to an award of compensation.

It is urged that the express exception of "insurance with respect to occupational disease," exclusion of which from the class of accidental injuries has been the subject of many decisions under workmen's compensation acts, and of statutory amendments in some jurisdictions, might be taken as an indication that the endorsement here was likewise concerned with compensation insurance. But it would seem to furnish an argument to the contrary, when it is borne in mind that compensation statutes commonly dispose of all questions of the risks insured, and in that kind of insurance there would be nothing to be accomplished by an exception in the policy. Either the statutes themselves omit diseases from the accidental injuries dealt with, or, including them, require the insurance to do the same, by denying approval to any that does not cover all compensation provided for. See Code, art. 101, sec. 29; *United States Fidelity & Guaranty Co. v. Taylor,* 132 Md. 511, 517, 104 A. 171.

On the other hand, occupational diseases, having frequently been held in other states to be a ground of liability on an employer at common law for damages, would appropriately form a subject of exception in insurance against that liability. "At common law the incurring of a disease or harm to health is such a personal wrong as to warrant a recovery if the other elements of liability for tort are present." *In re Hurle,* 217 Mass. 223, 104 N. E. 336, 337; *In re Maggelet,* 228 Mass. 57, 116 N. E. 972; *Barrencotto v. Cocker Saw Co.,* 266 N. Y. 139, 144, 194 N. E. 61; *Smith v. High Speed Steel Co.,* 98 N. J. L. 574, 120 A. 188; *Jellico Coal Co. v. Adkins,* 197 Ky. 684, 247 S. W. 972; *Wagner v. Jayne Chemical Co.,* 147 Pa. 475, 23 A. 772; *Donnelly v. Minneapolis Mfg. Co.,* 161 Minn. 240, 201 N. W. 305; *Kane v. Federal Match Corp.* (D. C.) 5 Fed. Supp. 507; *Deisenrieter v. Kraus-Merkel Co.,* 92 Wis. 164, 66 N. W. 112; *Gossett v. Southern R. Co.,* 115 Tenn. 376, 89 S. W. 737. Under compensation laws in still other states liability at common law may be excluded. Compare *Victory Sparkler Co. v. Francks,* 147 Md. 368, 375, 128 A. 635.

The employee could demand the benefit of nothing more than the employer had obtained by his policy. *Employers' Liability Assurance Corp. v. Perkins,* 169 Md. 269, 284, 181 A. 436. And the conclusion of the court is that by the rider here the employer obtained only employers' liability insurance covering liability at common law, as distinguished from liability for workmen's compensation. The fact that the words of the rider extend its insurance into territory other than that stated in the compensation insurance and the declaration on which it was issued, does not enable a court to extend the latter insurance.

The conclusion reached on these questions renders it unnecessary to consider others argued.

*Judgment affirmed, with costs.*