HAGENAH and another, Respondents, vs. LUMBERMEN'S
MUTUAL CASUALTY COMPANY, Appellant.*

*September 17—October 13, 1942.*

* Motion for rehearing denied, with $25 costs, on December 8, 1942.

For the appellant there was a brief by *Wilkie, Toebaas, Hart, Kraege & Jackman* of Madison, and oral argument by *Lawrence E. Hart.*

*J. Henry Bennett* and *Olga Bennett,* both of Viroqua, for the respondents.

ROSENBERRY, C. J. Prior to 1926, plaintiffs had been doing business in Wisconsin and had been covered by workmen's compensation insurance issued by the defendant. In

November, 1926, the plaintiffs asked that their Wisconsin policy be canceled. On August 16, 1926, the defendant issued a "Universal Standard Workmen's Compensation Policy" to the plaintiff, which is the policy involved in this case. Prior to that time the plaintiffs had removed their business operations to Toivola, Michigan, and the—

"locations of all factories, shops, yards, buildings, premises or other workplaces of this employer, by town or city is stated to be 'Toivola, Michigan.' "

On October 29, 1927, while the policy issued on August 16, 1926, in Michigan was in force, one of plaintiffs' employees named James Scully was injured while loading logs on railroad cars in the city of Mauston, Juneau county, Wisconsin. It is conceded that the loading of logs at Mauston was incidental to and in connection with the business of plaintiffs located at Toivola, Michigan. It is also conceded that the premium paid to the defendant by plaintiffs was based upon an audit of their pay roll and included the remuneration paid by plaintiff to James Scully. In a proper proceeding Scully was awarded $4,511.53 compensation by the industrial commission of Wisconsin. The defendant refused to defend the proceeding before the commission, and also refused to indemnify the plaintiffs for their loss, as a consequence of which this action was begun. It appears also that on November 1, 1927, three days after Scully was injured, the plaintiffs addressed a letter to the defendant in which they stated that—

"if our policy covering our operation at Toivola, Michigan, where we are manufacturing lumber, does not cover our logging operation in Wisconsin, we are asking that a rider be attached to our policy to cover the cutting, skidding, hauling, and loading of logs in Wisconsin."

In response to this request the defendant on November 5, 1927, mailed an indorsement to the plaintiffs with the request that it be attached to the policy issued August 16, 1926. Upon these facts the trial court reached the conclusion that

the damage sustained by the plaintiffs was covered by the policy, and that the defendant should indemnify the plaintiffs on account of the sums they were required to pay the employee Scully.

The policy was upon a printed form and contained clause 1a entitled "Compensation," by which the defendant agreed—

"To pay promptly to any person entitled thereto, under the Workmen's Compensation Law and in the manner therein provided, the entire amount of any sum due, and all instalments thereof as they become due."

(Subs. (1) and (2) omitted.)

"It is agreed that all of the provisions of each Workmen's Compensation Law covered hereby shall be and remain a part of this contract as fully and completely as if written herein, so far as they apply to compensation or other benefits for any personal injury or death covered by this policy, while this policy shall remain in force. Nothing herein contained shall operate to so extend this policy as to include within its terms any Workmen's Compensation Law, scheme or plan not cited in an indorsement hereto attached."

By clause 1b the defendant agreed:

"To indemnify this employer against loss by reason of the liability imposed upon him by law for damages on account of such injuries to such of said employees as are legally employed wherever such injuries may be sustained within the territorial limits of the United States of America or the Dominion of Canada. . . ."

Clauses 2 to 7, inclusive, are immaterial except clause 6, which reads as follows:

"This agreement shall apply to such injuries so sustained by reason of the business operations described in said declarations which, for the purpose of this insurance, shall include all operations necessary, incident or appurtenant thereto, or connected therewith, whether such operations are conducted at the workplaces defined and described in said declarations or

elsewhere in connection with, or in relation to, such work-places."

Attached to the policy, and in effect at the time of the injury of Scully, was an indorsement, the material part of which is as follows:

"The Michigan Workmen's Compensation Law to which reference is made in this indorsement and the policy to which it is attached is cited and defined as follows: [Workmen's Compensation Act of Michigan described in detail.]
"In so far as the Michigan Workmen's Compensation Law as above cited and defined applies to any injury or death covered by the policy to which this indorsement is attached, such policy is amended in accordance with the terms of this indorsement."

(Certain requirements are then enumerated, not material to the consideration of this case.)

"It is agreed upon the delivery and acceptance of this policy that the following parts thereof shall be eliminated there-from as inconsistent with or not required by such Workmen's Compensation Law and that such parts of this policy are declared and agreed to be null, void and of no effect, namely: All of paragraph 1a; all of conditions D and E."

These facts present the question whether paragraph 1a of the policy can be considered in the construction of the policy, more particularly in connection with the construction of paragraph 1b, which paragraph the plaintiffs contend requires the defendant company to indemnify them. It is considered that it is plain that with the acceptance of the indorsement relating to the Michigan Workmen's Compensation Law, paragraph 1a was wholly eliminated from the contract and, so far as any effect it has upon the contract, rendered null and void, and cannot for that reason be considered in the construction of paragraph 1b. The policy must therefore be construed as if the indorsement relating to the Michigan Workmen's Com-

pensation Law had been written into the policy in place of paragraph 1a and as a consequence 1a entirely omitted.

The defendant argues that the effect of the Michigan Workmen's Compensation Law indorsement is limited by the language already quoted to the effect that the policy is amended in accordance with the terms of this indorsement so far as it is inconsistent with the Michigan Workmen's Compensation Act. Defendant's contention upon this point would be sound but for the last clause of the indorsement which plainly declares that upon the acceptance of the policy paragraph 1a shall be null and void. The indorsement relating to the Michigan Workmen's Compensation Act does not supplement paragraph 1a, it supplants and therefore eliminates it.

We shall not undertake to say how the policy should be construed if the last paragraph of the indorsement relating to the Workmen's Compensation Law had been omitted. In that event the words:

"Nothing herein contained shall operate to so extend this policy as to include within its terms any Workmen's Compensation Law, scheme or plan not cited in an indorsement hereto attached"—

would be in the policy and would have to be given consideration in construing the policy. Having been eliminated, they may not be so considered.

The plaintiffs make two principal contentions:

(1) That the liability of the plaintiffs under the Wisconsin Workmen's Compensation Law is a "liability imposed upon him by law for damages" on account of such injuries to such of said employees as are legally employed, is covered by the clause 1b:

"To indemnify this employer against loss by reason of the liability imposed upon him by law for damages on account of such injuries to such of said employees as are legally employed

wherever such injuries may be sustained within the territorial limits of the United States of America or the Dominion of Canada."

(2) That the work in which the injured employee Scully was engaged was an operation necessary, incident, and appurtenant to the business of the plaintiffs conducted elsewhere in connection with and in relation to plaintiffs' business at Toivola, Michigan, and consequently within the terms of the policy. If the first contention of the plaintiffs is sound, the matter is disposed of and it will be unnecessary to consider the second.

It is considered that it cannot be doubted that the liability imposed upon the plaintiffs for the injuries sustained by Scully under the Workmen's Compensation Law of Wisconsin is a liability imposed upon them by law for damages. It has been so held. *Amalgamated Roofing Co. v. Travelers Ins. Co.* (1921) 300 Ill. 487, 133 N. E. 259, 262; *Chamberlain v. North American Acc. Co.* (1916) 28 Dom. L. R. 298; *S. R. Zagst & Co. v. Southern Surety Co.* (1921) 148 La. 328, 86 So. 828. See *Employers' Casualty Co. v. T. E. Wiggins, Inc.* (1934) 168 Okla. 295, 32 Pac. (2d) 886; contra, *Wood v. Employers' Liability Assur. Corp.* (7th Cir. 1930) 41 Fed. (2d) 573.

The following are some of the definitions of damages:

"In legal contemplation the term 'damages' is the sum of money which the law awards or imposes as pecuniary *compensation,* recompense, or satisfaction for an injury done or a wrong sustained as a consequence either of a breach of a contractual obligation or a tortious act." 15 Am. Jur. p. 387, sec. 2.

In the Restatement of the Law of Contracts, p. 498, sec. 326, relating to judicial remedies for breach of contract, the term "damages" is used as meaning a sum of money awarded as *compensation* for injury caused by a breach of contract.

The following is an extract from the opinion of the United States supreme court in *Texas & Pacific R. Co. v. Marshall* (1890), 136 U. S. 393, 405, 10 Sup. Ct. 846, 34 L. Ed. 385:

"It appears to us that if the city of Marshall has under such a contract a remedy for its violation, it is much more consonant to justice that the injury suffered by the city should be *compensated* by a single judgment in an action at law, and the railroad placed at liberty to follow the course which its best interests and those of the public demand. Nor do we see any substantial difficulty in ascertaining this *compensation*. Though there may not be any rule by which these damages can be estimated with precision, this is not a conclusive objection against a resort to a court of law, for it is very well known that in all judicial proceedings for injuries inflicted by one party on another, whether arising out of tort or out of contract, the relief given by way of damages is never the exact sum which compensates for the injury done, but, with all the rules which have been adopted for the measurement of damages, the relief is only approximately perfect.

"There would be, in this instance, the sums of money advanced by the city, and possibly the bonds furnished by the county, as a means of ascertaining the *compensation* due to the city of Marshall."

In these paragraphs the court used the words "damages" and "compensation" interchangeably and they are often so used in legal literature.

The court of appeals of Maryland, in *Hurt v. Pennsylvania Threshermen, etc., Ins. Co.* (1938) 175 Md. 403, 411, 2 Atl. (2d) 402, said:

"Liability for damages means a liability 'for an amount to be ascertained by trial of the facts in particular cases, as contrasted with an amount previously ascertained by law for defined classes of disabilities"—

and held that an insurance policy indemnifying against "liability imposed upon him by law for damages" did not cover an

award against the insurer for liability under the Workmen's Compensation Law of that state.

While it is true that after the character and extent of the injury is acertained, the amount of a compensation award is determined by statute, it is nevertheless compensation for an injury. It is considered that the term should not receive so narrow a construction, especially in a policy of insurance, as it was given in the *Hurt Case, supra.* Compensation is an element in every recovery for damages whether in tort or upon contract. Workmen's compensation is nothing more than a particular kind of damage. The liability is contractual in its nature. *Anderson v. Miller Scrap Iron Co.* (1919) 169 Wis. 106, 170 N. W. 275, 171 N. W. 935.

The court of appeals of Maryland said that—

"The Canadian court has given the word an extension which we are unable to find as the intention of the parties to the present contract. We construe it, as stated, to be opposed to an award of compensation. . . .

"The court in that case, however, seems not to have felt itself restricted to the intention of the parties as the courts of this state have been." *Hurt Case, supra,* pp. 409, 411.

The Maryland court of appeals seems to have considered itself bound by prior decisions. We are not under that disability. We concur in the opinion of the Alberta supreme court, to which reference has already been made.

Nor does a liability cease to be damages because it is an amount previously fixed as in the case of promissory notes, bonds, and other obligations for the payment of money. The mere fact that in workmen's compensation the disability arises from injuries sustained, the compensation for which is fixed by classes of injuries, does not prevent the award from being damages which are nothing more nor less than compensation for an injury.

The conclusion that we have reached does not support the argument made that the provisions of paragraph 1b should

not be construed as applying to the facts in this case because of the fact that the word "damages" is employed.

On behalf of the defendant it is further contended that condition G, the so-called no-action clause, supports its theory that paragraph 1b is limited to indemnity against judgments recovered in common-law actions. That part of the clause material reads:

"No action shall lie against the company to recover upon any claim or for any loss under paragraph 1b foregoing unless brought after the amount of such claim or loss shall have been fixed and rendered certain either by final judgment against this employer after trial of the issue or by agreement between the parties. . . ."

This contention cannot be sustained.

While an award made by the industrial commission under the law of this state is not in form a judgment, it is in legal effect a judgment. Sec. 102.20, Stats., provides:

"Either party may present a certified copy of the award to the circuit court for any county, whereupon said court shall, without notice, render judgment in accordance therewith; such judgment shall have the same effect as though rendered in an action tried and determined by said court, and shall, with like effect, be entered and docketed."

In this state an award not appealed from has all the legal consequences of a judgment except that no execution can be issued upon it. Upon filing a certified copy of the award, it is the mandatory duty of the court in which it is filed to enter judgment.

No appeal was taken from the award in this case. Apparently the plaintiffs paid the award without requiring that it be entered up as a judgment. This it is considered is a sufficient compliance with the terms of the policy.

Other questions are raised which it is not necessary to discuss.

*By the Court.*—Judgment affirmed.