**In re NORTHWEST WOOD PRODUCTS CO.**

**UNITED STATES v. INDUSTRIAL COMMISSION OF STATE OF WISCONSIN.**

No. 9490.

Circuit Court of Appeals, Seventh Circuit.

June 28, 1948.

Charles H. Cashin, U. S. Atty., and James E. Doyle, Asst. U. S. Atty., both of Madison, Wis., Theron L. Caudle, Asst. Atty. Gen., Robert N. Anderson, Asst. to Atty. Gen., and Sewall Key, A. F. Prescott and Louise Foster, Sp. Assts. to Atty. Gen., for appellant.

Stanley Rector and W. H. Putnam, Enforcements Division, Unemployment Compensation Department, both of Madison, Wis., for appellee.

Before SPARKS, MAJOR, and KERNER, Circuit Judges.

SPARKS, Circuit Judge.

The Government appeals from a judgment of the District Court awarding priority to a claim of the Wisconsin Industrial Commission over its claim for income taxes due from a bankrupt taxpayer. The case is presented to us on an agreed statement of facts.

The Northwest Wood Products Company was adjudicated a bankrupt after failure of an attempt at voluntary arrangement and composition under Chapter XI of the Bankruptcy Act. Order of distribution was entered on May 10, 1947. The present controversy arises over the disposition of a balance of $1,280 remaining after distribution to mortgagees and other prior claimants of the proceeds of sale of real estate belonging to the bankrupt located in Dane County, Wisconsin. Three rival claims were presented for this $1,280: One, for $308, for two mechanics' lien claims, filed with the clerk of the Dane County Court at 3:29 p. m. on June 8, 1944; a second, for $2,552, for delinquent unemployment compensation contributions or taxes filed by appellee here, the Wisconsin Industrial Commission, in the Dane County Court at 2:32 p. m. on June 8, 1944; the third, for $7,733, for unpaid federal taxes, notice of which was duly filed February 7,

1945, for taxes for which the assessment list was received by the Collector, and demand made in 1943.

The referee, in his order of distribution of May 10, determined that as between appellant and appellee, the latter was entitled to priority as a judgment creditor within the meaning of section 3672 of the Internal Revenue Code, 26 U.S.C.A.Int.Rev.Code, § 3672, but that as between appellee and the mechanics' lien claimant, the latter was entitled to priority. Hence he awarded $308 of the fund to appellant, and the balance of $972 to appellee. The appeal involves only this latter award.

■ On oral argument of this case, counsel for appellee contended that a jurisdictional question was presented in that the record failed to show service of a copy of the petition for review of the referee's order as required by section 39 sub. c, of the Bankruptcy Act, 11 U.S.C.A. section 67, sub. c. He admits that, in fact, he received a copy of the petition which he says was brought to him by a clerk in his office, but insists that there was no acknowledgement of receipt of service which, he contends, should be affirmatively shown of record. He filed special appearance before the District Court which did not pass upon his objection to the review but instead, affirmed the order of the referee in his favor, after argument in which he participated. We think any possible deficiency of written acknowledgement or proof of service is cured or waived by counsel's admission that he received a copy, filed special appearance in court for hearing on it, and was present and participated in that hearing. Defects even in initial process and service may be waived by voluntary appearance of a party.[1] We cannot agree with appellee that, under the circumstances here involved, there is any doubt as to the jurisdiction of the District Court or of this court over the petition to review the referee's order.

Sections 3670 and 3671 of the Internal Revenue Code, 26 U.S.C.A.Int.Rev.Code, §§ 3670, 3671, provide that upon failure to pay (federal) taxes, the amount due shall be a lien upon any property of the delinquent taxpayer in favor of the United States, which lien shall arise at the time the assessment list is received by the Collector and continue until the liability has been satisfied or becomes unenforceable by lapse of time. Section 3672 provides that such lien shall not be valid as against any mortgagee, pledgee, purchaser or judgment creditor until notice thereof has been filed by the Collector under the applicable local laws. Appellee's right to judgment creditor status is based upon section 108.22 of the Wisconsin Statutes which we set forth in the margin.[2]

■ Appellant contends that this does not make appellee a judgment creditor, but merely gives it some of the rights and privileges of a judgment creditor. It cites various Wisconsin cases as holding that the Industrial Commission is not a court and its awards do not have the status of judgments. Among these is a recent case, Hagenah v. Lumbermen's Mut. Casualty Co., 1942, 241 Wis. 226, 5 N.W.2d 760, 763,

[1] Cyclopedia of Federal Procedure (2d Ed.), Vol. 4, section 891, and cases there cited.

[2] "108.22 Delinquent payments. * * *

"(2) If any employer fails to pay to the commission any amount found to be due * * *, provided that no appeal or review * * * is pending and that the time for taking an appeal or review has expired, the commission or any duly authorized representative may issue a warrant directed to the sheriff of any county * * *, commanding him to levy upon and sell sufficient * * * property * * * found within his county of the employer * * *, and to proceed upon the same in all respects and in the same manner as upon an execution * * * issued out of a court of record, and to return such warrant to the commission and pay to it the money collected by virtue thereof within 60 days after the receipt of such warrant. The sheriff shall, within 5 days * * * file with the clerk of the circuit court of his county a copy thereof, * * *. The clerk shall enter in the judgment docket the name of the employer mentioned in the warrant and the amount of the contributions, interest, costs and other fees for which the warrant is issued and the date when such copy is filed. Thereupon the amount of such warrant so docketed shall become a lien upon the title to and interest in real property of the employer against whom it is issued in the same manner as a judgment duly docketed in the office of such clerk."

142 A.L.R. 1417, from the opinion of which it quotes:

"In this state an award not appealed from has all the legal consequences of a judgment *except that no execution can be issued upon it.* Upon filing a certified copy of the award, it is the mandatory duty of the court in which it is filed to enter judgment." (Appellant's emphasis.)

We think this language, quoted and relied upon by appellant, is well nigh conclusive of the issue here presented, in favor of appellee. Further, the court also said, "While an award made by the Industrial Commission under the law of this state is not in form a judgment, it is in legal effect a judgment." According to this construction by the Wisconsin court of the Wisconsin statute, the award itself has all the consequences of a judgment except that execution cannot issue upon it as such, which, it implies, is merely a matter of form. However, the only further act necessary for it to ripen into formal judgment is the filing of the certified copy of the award, whereupon it becomes the mandatory duty of the court in which it is filed to enter such judgment. That was done in the case at bar on May 8, 1944, and a transcript filed in the Dane County court on June 8, 1944, prior to the filing of the notice of Collector's lien, which was not done until February, 1945. We think that under the statute, this conferred upon appellee the status of a judgment creditor in the purview of section 3672.

This construction is in accord with the decision of the Court of Appeals for the Ninth Circuit in United States v. Sampsell, 153 F.2d 731. That case involved the same tax lien statute, sections 3670–3672, and a somewhat similar state statute giving the California State Franchise Tax Commission a lien for such taxes having the same force, effect and priority as a judgment lien and attaching on the first day of the taxable year. The court held that liens of the United States against a bankrupt's estate for unpaid gasoline taxes were not entitled to priority in payment over inchoate general liens of the state for franchise taxes which antedated the liens of the United States, and awarded priority to the state claims, the liens of which became fixed and attached to the real property of the bankrupt prior to the time the federal liens attached.

Appellant contends that since appellee is seeking to bring itself within an exception, it must do so clearly, citing certain cases holding that the claimants therein had not established their judgment creditor or other priority status under section 3672.[3] Those cases are distinguishable on their facts and do not represent a conflicting construction of the law.

Judgment affirmed.

---

[3] MacKenzie v. United States, 9 Cir., 109 F.2d 540; United States v. Record Publishing Co., D. C., 60 F.Supp. 194; Filipowicz v. Rothensies, D. C., 43 F. Supp. 619. Cf. In re MacKinnon Mfg. Co., 8 Cir., 24 F.2d 156.