**WRG CONSTRUCTION COMPANY, a corporation, Petitioner,**

v.

**The Honorable Patricia M. HOEBEL, the District Court of Tulsa County, Oklahoma, and Norman J. Coble, Respondents.**

No. 53847.

Supreme Court of Oklahoma.

Sept. 11, 1979.

McGivern, Scott & Steichen, Tulsa, for petitioner.

R. K. Pezold, Howard & Rapp, Tulsa, for respondents.

OPALA, Justice:

Under the provisions of H.B.No. 1353, Ch. 217, O.S.L.1976, p. 337, 85 O.S.Supp.1976 §§ 5–7 an employee refused to be retained or rehired because he/she "has in good faith filed a [compensation] claim" may seek, inter alia, "reasonable damages" resulting from the employer's wrongful discharge. The narrow issue presented in this proceeding is whether the right to damages for the discharge made wrongful by the cited act is redressible in a district court suit or must be litigated as part of the employee's compensation claim. We assume original jurisdiction under Art. 7, § 4, Okl. Con., to settle this first-impression question and hold that rights created by H.B.No. 1353 are cognizable only in a district court action.

The act under consideration consists of three sections.[1] The first contains two sentences. On defines conduct declared to be wrongful employment practice vis-a-vis certain injured employees and the other contains a proviso[2] exempting from the purview of the act persons not retained or rehired because of physical inability to perform "assigned duties". The second section confers on the class injured by the proscribed conduct the right (a) to "reasonable damages" from the "violation" and (b) to be reinstated to one's former position. The last section vests in the district court, "for cause shown", jurisdiction to "restrain violations of this act".

The meaning of the first two sections is not in serious contention. It is the restrictive language of the last section whose effect, we are urged, casts doubt on the district court power to entertain an action for damages, as distinguished from one in which only reinstatement or some similar "equitable" relief[3] is sought. The thrust of petitioner's [employer's] argument is that the language of § 3 unmistakably confines district court jurisdiction to "equity" suits in which "cause [is] shown" as a basis "to restrain violations" of the act. In contrast to litigation for equitable relief, we are urged, when the right to damages is asserted, it must be regarded as "incidental" to an injured worker's compensation claim, and hence be redressible only in the Workers' Compensation Court. Employer relies on authorities holding that the State Industrial Court[4] has exclusive original jurisdiction over all issues arising out of or incidental to a worker's claim for an on-the-job injury.[5]

Several considerations militate against the adoption of employer's argument. While the language of the act is not a model of clarity and precision, its terms appear far more consistent with the legislative intent to create a statutory cause of action cognizable in ordinary courts than with adding an element of recovery to a worker's claim for injury. The liability imposed by § 2 is for "damages". By its long association with the common law that term has acquired a clearly recognizable connotative distinction from "compensation".[6] The

1. The *full* text of the enactment under consideration, which consists of three (3) sections, is as follows:

"Section 1.

No person, firm, partnership or corporation may discharge any employee because the employee has in good faith filed a claim, or has retained a lawyer to represent him in said claim, instituted or caused to be instituted, in good faith, any proceeding under the provisions of Title 85 of the Oklahoma Statutes, or has testified or is about to testify in any such proceeding. Provided no employer shall be required to rehire or retain any employee who is determined physically unable to perform his assigned duties.

"Section 2.

A person, firm, partnership or corporation who violates any provision of Section 1 of this act shall be liable for reasonable damages suffered by an employee as a result of the violation. An employee discharged in violation of this act shall be entitled to be reinstated to his former position. The burden of proof shall be upon the employee.

"Section 3.

The district courts of the state shall have jurisdiction, for cause shown, to restrain violations of this act."

2. The liability defined is made subject to a proviso which could constitute a material ingredient in the statutory description of the conduct intended to be proscribed. We express *no* view on the effect of the proviso may have on the allocation of the pleading burden or on the responsibility of the plaintiff to go forward with the evidence. *North v. Haskett*, 202 Okl. 146, 211 P.2d 279, 282 [1949].

3. Respondent-employee appears to have been reinstated to his former position. His petition seeks recovery of damages only for employer's refusal to reinstate him between March 1, 1977, when he was first declared able to return to work, and June 30, 1977, when he was allowed to resume work for the employer.

4. Now Workers' Compensation Court. 85 O.S. Supp.1978 § 1.2.

5. *State v. Breckinridge*, Okl., 442 P.2d 506, 509 [1968]; *Apache Motor Company v. Elliott*, Okl., 405 P.2d 705 [1965].

6. 10 Coke, 116, 117; *Hurt v. Pennsylvania Threshermen & Farmers' Mutual Casualty Ins. Co.*, 175 Md. 403, 2 A.2d 402, 405–406 [1938].

The term "damages" is so intimately connected with the common-law process of trial that it is only grudgingly conceded to equity jurisprudence in a very narrow class of cases on a

former is coextensive with legally measured detriment to be ascertained by fact finding process upon trial,[7] while the latter is defined as a money allowance payable according to a legislatively predetermined formula or schedule for the defined class of impairment or disability.[8] Our statutory law, which in 23 O.S.1971 § 3 defines "damages" in the common-law sense, leaves us here without a choice but to accept that sense for § 2. When a word is statutorily defined, it must be given its defined meaning no matter where it occurs unless a contrary intention is plainly apparent. 25 O.S.1971 § 2.

Twice in § 2 the discharge proscribed by § 1 is characterized as a "violation". This term is patently incongruous with a theory of liability applicable to claims for an on-the-job injury. In compensation cases responsibility is imposed without relation to, or ascription of, any wrongful conduct on the part of the employer.[9] Legislative reference to "violation" does, without a doubt, give added indication of an intent to create a "cause of action", i. e. a right of redress in ordinary courts according to the course prescribed by the code of civil procedure. "Cause of action" has been defined as the "*violation* of a right or failure to discharge a duty." [10] [emphasis added].

There is another reason why the statute here being considered must be viewed as creating a right to damages remediable in the district court. The remedy in compen-

sation is statutorily *confined* to, and made *exclusive* for, *claims of bodily injury or death* from an accidental personal injury arising out of and in the course of a worker's employment.[11] On the other hand, the remedy in § 2 deals not with injury or death in employment status but rather with wrongful post-injury failure to reinstate that status. The compensation claim requires, as its necessary ingredient, the *existence of employment* at the time of injury,[12] while the rights conferred by H.B.No. 1353 may not even arise in contemplation of law unless there has been an antecedent wrongful *termination of employment*.

The language used in H.B.No. 1353 unmistakably makes the worker's remedy in damages *collateral* rather than *incidental* to that available in the Workers' Compensation Court.[13] No interpretative significance may be ascribed here to the compiler's arrangement which placed the act in Title 85, the title dealing with statutes on workers' compensation. The location given to an enactment in the statutory compilation or code does not necessarily affect the application, meaning or legal effect of the text. *Green v. Green*, Okl., 309 P.2d 276, 278 [1957].

We hold that the right to damages for wrongful refusal to retain or reinstate a worker within the meaning of H.B.No. 1353 is litigable *only* in the district court. We regard the phrase "to restrain violations", which appears in § 3, as sufficiently broad

---

restricted basis. *Mid-Continent Petroleum Corporation v. Bettis*, 180 Okl. 193, 69 P.2d 346, 348 [1937]; *Smith v. Stock Yards Loan Co.*, 186 Okl. 152, 96 P.2d 55, 58 [1939]; *Reynolds v. Conner*, 190 Okl. 323, 123 P.2d 664, 666 [1942]; *Sinclair Oil & Gas Company v. Bishop*, Okl., 441 P.2d 436, 448 [1968].

7. 23 O.S.1971 § 3.

8. 85 O.S.Supp.1978 §§ 3(6) and 22.

9. 85 O.S.Supp.1978 § 11 expressly imposes liability "without regard to fault as a cause of such injury".

10. *Doyle v. Oklahoma Press Pub. Co.*, 206 Okl. 254, 242 P.2d 155, 158 [1952]; *Scott v. Habinck*, 192 Iowa 1213, 184 N.W. 817, 818 [1921]. For a brief history of the phrase see *Davis v. Passman*, —— U.S. ——, 99 S.Ct. 2264, 60 L.Ed.2d 846 [1979].

11. 85 O.S.Supp.1978 § 11; 85 O.S.1971 § 12 and 85 O.S.Supp.1978 § 122.

12. Employment relationship is the "first prerequisite" to any award under the Workers' Compensation Act. 85 O.S.Supp.1978 § 11; *Hillcrest Hospital v. State Ind. Ct.*, Okl., 452 P.2d 781 [1969].

13. From our conclusion that § 2 *remedy* in damages is *collateral* to that available in compensation, it does not necessarily follow that employer's *liability* under § 1 is also to be regarded as *collateral* to, rather than arising out of, obligations imposed by the Workers' Compensation Act. That issue need not be decided here and we reserve it for another day.

in the context used to warrant attribution of a meaning that would make its verb synonymous with "to redress". Once the intention of the legislature appears clear from a consideration of its total enactment, language may be altered and new words supplied to give it that meaning which is necessary to effectuate legislative intent. *Protest of Chicago R. I. & P. Ry. Co.*, 137 Okl. 186, 279 P. 319 [1929].

The District Court, Tulsa County, is not usurping another tribunal's jurisdiction. The writ of prohibition is accordingly

Denied.

All Justices concur.