Howard D. BOSTWICK, Appellant,

v.

ATLAS IRON MASTERS, INC., Appellee.

No. 69917.

Court of Appeals of Oklahoma, Division No. 1.

Dec. 20, 1988.

Ben A. Goff, Oklahoma City, for appellant.

J. William Archibald, Oklahoma City, for appellee.

## MEMORANDUM OPINION

MacGUIGAN, Judge:

Appellant seeks review of the trial court's grant of summary judgment in favor of Appellee. Appellant claimed he was discharged from his employment in retaliation for filing a Workers' Compensation claim. The trial court held that because Appellant had previously filed for and been denied unemployment benefits based on an unappealed administrative factfinding that he had been discharged for misconduct, Appellant was precluded from proceeding in district court for failure to exhaust his administrative remedies.

Briefly, the dispositive facts are as follows. Appellant was employed by Appellee. On June 12, 1984, a metal particle lodged in Appellant's left eye during an employment related task. Due to this injury, Appellant did not return to his employment until October, 1984. After his return, Appellant was counseled that his work production was substandard. Appellant complained he was being harassed, and informed Appellee he could not work under such conditions. Appellant was subsequently fired.

Thereafter, Appellant filed for unemployment benefits with the Oklahoma Employment Security Commission (OESC). OESC denied benefits, finding that Appellee had the right to counsel Appellant regarding substandard production, and that Appellant was discharged for misconduct. Appellant failed to appeal this decision of OESC; rather, Appellant filed a petition in the trial court alleging retaliatory discharge by Appellee under 85 O.S.1981 §§ 5, 6, and 7, and intentional infliction of emotional distress on the part of Appellee by virtue of such retaliatory discharge. Appellee's motion for summary judgment was granted by the trial court, and Appellant perfects this appeal.

Appellant first contends, and this Court agrees, that the district court has exclusive jurisdiction to determine the issues raised by 85 O.S.1981 §§ 5, 6 and 7, i.e., whether Appellant was, in fact, discharged from his employment in retaliation for filing a claim for workers' compensation. *WRG Construction Co. v. Hoebel,* 600 P.2d 334 (Okl.1979). Further, a finding by the OESC that Appellant was discharged for misconduct does not preclude litigation of the issue of retaliatory discharge, as total preclusive effect of administrative adjudication may be withheld where pursuit of a related claim in another tribunal will not disturb the "scheme of remedies" afforded by the administrative tribunal. *Dority v. Green Country Castings Corporation,* 727 P.2d 1355 (Okl. 1986).

In the instant case, the remedy afforded by OESC is limited to receipt of unemployment benefits calculated with reference to employee's prior wages, and applies where employee is unemployed through no fault of his or her own. On the other hand, 85 O.S.1981 § 5 has been interpreted as creating a right to damages remediable in district court, and should be viewed as collateral rather than incidental to claims for bodily injury or unemployment benefits. *WRG Construction Co.,* 600 P.2d at 336. Furthermore, recovery under § 5 is not barred where there is more than one reason for employee's discharge as long as retaliatory motivations comprise a significant factor in the decision to terminate. *Thompson v. Medley Material Handling, Inc.,* 732 P.2d 461, 463 (Okl.1987).

Therefore, Appellant is not precluded from bringing an action in the district court for retaliatory discharge and intentional infliction of emotional distress, notwithstanding the prior administrative adjudication by the OESC of discharge by reason of misconduct. The issue is the effect to be given the OESC factfinding in the subsequent and related civil suit.

In *University of Tennessee v. Elliott,* 478 U.S. 788, 106 S.Ct. 3220, 92 L.Ed.2d 635 (1986), the United States Supreme Court entertained a similar question: whether a finding by a state Administrative Law Judge that employer did not wrongfully terminate employee was entitled to preclusive effect in a subsequent federal court discrimination suit brought by employee. The *Elliott* Court recognized as sound the

policy of applying principles of issue preclusion to the factfinding of administrative bodies acting in a judicial capacity:

[G]iving preclusive effect to administrative factfinding serves the value underlying general principles of collateral estoppel ... which encompasses both the parties' interest in avoiding the cost and vexation of repetitive litigation, and the public's interest in conserving judicial resources is equally implicated whether factfinding is done by a federal or state agency. [Citations omitted].

■ Accordingly, *Elliott* held that when a state agency acting in a judicial capacity resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, federal courts must give that agency's factfinding the same preclusive effect to which it would be entitled in the State's courts. *See*, also, *U.S. v. Utah Construction & Mining Co.*, 384 U.S. 394, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966). We find this persuasive, and hold that, subject to adequate opportunity for administrative review, resolution of a disputed issue of fact properly before the OESC should be allowed the same effect as such finding in a judicial review would be entitled by statute.

■ Adequate opportunity to litigate a disputed issue of fact before an administrative agency mandates procedural due process be afforded. *Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 483, 102 S.Ct. 1883, 1898, 72 L.Ed.2d 262 (1982). However, no particular form of procedure is dictated, and failure to avail oneself of the full procedures provided by state law does not constitute inadequacy of such procedures. 384 U.S. at 484, 485, 102 S.Ct. at 1899, 1899.

■ In the instant case, 40 O.S.1981 §§ 2-503 through 2-607 provide that, after the initial determination of right to benefits is made on written claim and objections thereto, the employee is entitled to review by an appeal referee who is required to afford the parties reasonable opportunity for a fair hearing, and who must make findings and conclusions in support of his or her decision. Further, such decision is appealable by the Board of Review which may conduct a formal review upon request, and the review must be conducted in such a manner as to ascertain the substantial rights of the parties. We find these procedures sufficient to assure due process to Appellant and the fact that Appellant did not avail himself of these review procedures benefits does not render the procedures inadequate.

The remaining issue is the effect to be given by the district court to the finding of the OESC that Appellant's discharge was for misconduct. 40 O.S.1981 § 2-608 states as follows:

*[A]ny right, fact, or matter in issue,* directly passed upon or *necessarily involved in a determination ... shall be conclusive* for all the purposes of [the Employment Security Act] as between the Commission, the claimant, and all employers. *Subject to* appeal proceedings and *judicial review* as provided in this act, *any determination ... as to rights to benefits shall be conclusive for all the purposes of this act and shall not be subject to collateral attack by any party.* (Emphasis added).

Section 1-103 states the purpose of the act is to set aside funds to be used for the benefit of persons unemployed through no fault of their own. The act provides statutory grounds for denial of unemployment benefits, including enrollment in school, leaving employment voluntarily without good cause, refusal to accept other employment, receipt unemployment benefits from another state, incarceration, participating in athletic events, or, as in the instant case, a finding of discharge by reason of employee misconduct. The act does not purport to authorize a determination of the issue of retaliatory discharge for one seeking damages.

■ Thus, the purpose of the act is to conclusively determine the reason or reasons for the employee's discharge in order to ascertain eligibility for benefits, and such findings are conclusive for such purpose as between the employee and employer. We hold, therefore, that the finding of fact that Appellant was discharged by reason of his misconduct for purposes of deny-

ing unemployment benefits, if supported by evidence and in the absence of fraud, is conclusive as to those benefits and is admissible in defense of this action. Appellant cannot dispute the fact that the OESC denied his application for unemployment benefits because it found Appellant was discharged for misconduct. To hold otherwise would give rise to an impermissible collateral attack on the administrative fact-finding.

In order to prevail in his retaliatory discharge action, then, Appellant must show the fact that he was discharged for misconduct for the purpose of ineligibility for unemployment benefits was inapplicable and/or but one reason for his discharge; that retaliatory motivations comprised a significant factor in Appellee's decision to terminate Appellant. *Thompson v. Medley Material Handling, Inc.*, 732 P.2d 461, 463 (Okl.1987). The evidence relied upon to prove retaliatory motivation as a significant motivation for discharge, although of necessity circumstantial, must have sufficient probative value to constitute the basis for a legal inference rather than mere speculation. 732 P.2d at 463. In the instant case, Appellant would have to establish circumstances which would give rise to a legal inference that his discharge was significantly motivated by retaliation for his filing of the workers' compensation claim.

A review of the record reveals Appellant returned to work on receipt of a medical release, and it is uncontroverted that Appellant's productivity was substandard. Upon being counseled by Appellee regarding such lack of productivity, Appellant's own deposition reflects his response: "I told him I'd do my job the best—best that I could. But I told him I wasn't going to be harassed. And he told me in that case get your tools and get out." In his claim for unemployment benefits, Appellant stated that he believed he was terminated because he had received workers' compensation benefits, and added: "I was fired for not being able to put out as much work. He was harassing me and I advised them I didn't like that. So I was advised to get my tools and leave." It is on the basis of these statements that the OESC found the reason for discharge to be Appellant's misconduct in refusing to be counseled by his employer.

██ Appellant, however, points to a sworn statement by a co-worker that Appellee owner admitted to that co-worker that Appellant received workers' compensation so Appellee "had to let him go". Viewing all the evidence in the light most favorable to Appellant, it cannot be said that such evidence does not, as a matter of law, give rise to a legal inference of retaliatory motivation on the part of Appellee, in that there may have existed an additional reason for discharge in which retaliatory motivations comprised a significant factor. *Thompson*, 732 P.2d at 463; *American Nat'l. Bank & Trust Co. of Shawnee v. Clarke & Van Wagner*, 692 P.2d 61 (Okl. App.1984). Because the material facts regarding the reason for Appellant's discharge are at issue, we find the trial court erred in granting summary judgment in favor of Appellee on this cause of action.

██ Finally, Appellant contends the trial court erred in granting summary judgment in favor of Appellee on Appellant's cause of action for intentional infliction of emotional distress. In order for Appellant to prevail, Appellee's conduct, even if unreasonable, must be beyond all possible bounds of decency in the setting in which it occurred, or regarded as utterly intolerable in a civilized community. *Eddy v. Brown*, 715 P.2d 74 (Okl.1986). However, even should Appellant prove that his discharge was significantly motivated by retaliation, in view of the record before the trial court and the OESC finding that Appellant was discharged for misconduct in order to ascertain his eligibility for unemployment benefits, we find that Appellee's conduct falls short of these standards as a matter of law, and is not actionable.

Affirmed in part; reversed in part and remanded.

HUNTER, P.J., concurs.

HANSEN, J., concurs in result.