**Clayton R. HALL, an individual, Appellant,**

**v.**

**NOBLE PUBLIC SCHOOLS, Independent District I–40, Cleveland County, Appellee.**

**No. 77369.**

Supreme Court of Oklahoma.

March 16, 1993.

Keith J. Hocker, Norman, for appellant.

Larry D. Ottaway, Michael C. Felty, Foliart, Huff, Ottaway & Caldwell, Oklahoma City, for appellee.

LAVENDER, Vice Chief Justice.

This first impression question presented for our review is whether 85 O.S. 1991 § 5 creates a right of action for a retaliatory discharge when the employer's reason for not *rehiring* a discharged employee may have been significantly motivated by the employee's filing of a workers' compensation claim even, though the original dismissal was not. We answer in the negative.

Employee Hall suffered two injuries to his back in August and September of 1988. In February 1989, Noble Schools told Hall and several other employees they would be dismissed due to lack of funds. Hall does not dispute that his dismissal was the result of the school's financial crisis. However, Hall argues that he was the victim of a retaliatory discharge because the school did not *rehire* him when funds became available due to his filing a workers' compensation claim.

I.

Section 5 provides:

No person, firm, partnership or corporation may discharge any employee because the employee has in good faith filed a claim, or has retained a lawyer to

**1158**

represent him in said claim, instituted or caused to be instituted, in good faith, any proceeding under the provisions of Title 85 of the Oklahoma Statutes, or has testified or is about to testify in any such proceeding. *Provided no employer shall be required to rehire or retain any employee who is determined physically unable to perform his assigned duties.*

(emphasis added).

It is the last sentence that we must interpret.

Hall contends the language suggests the legislature meant for retaliatory discharge to include *wrongful refusal to rehire.* He further points to the case of *WRG Construction Co. v. Hoebel,*[1] wherein this court, finding such matter was triable only in district court, referred to the wrongful refusal of an employer to *rehire* or *reinstate* an employee. We find Hall's analysis unpersuasive.

The last sentence of section five merely relieves an employer of the obligation to *"rehire"* or *"retain"* an employee physically unable to perform the work as a result of the injury. Likewise, our reference in *Hoebel* to an employer's refusal to *"rehire"* or *"retain"* was never intended to refer to a situation where an employee was laid off for reasons unrelated to the filing of a compensation claim.

Indeed, we stated in *Hoebel* that "[t]he right conferred by H.B. No. 1353 [85 O.S. 1991 §§ 5–7] may not even arise in contemplation of law unless there has been an antecedent wrongful termination of employment."[2] Clearly, neither the statute nor case law holds there is a duty to *"rehire"* or *"retain."* It is not alleged Hall's re-employment was required by a contract with the district.[3]

### CONCLUSION

The court of appeals decision is vacated. The judgment of the trial court granting the school district's motion for summary judgment is affirmed.

HODGES, C.J., and SIMMS, HARGRAVE, OPALA, ALMA WILSON, KAUGER and WATT, JJ., concur.

fair dealing in an at-will employment relationship unless such dismissal is violative of public policy).

---

1. 600 P.2d 334 (Okla.1979).

2. *Hoebel,* 600 P.2d at 336.

3. *See Burk v. K–Mart Corp.,* 770 P.2d 24 (Okla.1989) (no implied duty of good faith and