McDougall v. Racine County, 156 Wis. 663.

McDougall, Respondent, vs. Racine County and another, imp., Appellants.

*March 21—April 9, 1914.*

*Injunction: Taxpayers' action: Counties: Erection of courthouse: Location: Statutory requirements: Reasonableness: Contracts: Impairing obligation: Breach: Specific performance.*

1. The expenditure of county moneys in the erection of a courthouse in violation of law may be enjoined in a taxpayers' action.

2. The question of the proper location of a courthouse is a governmental question, which is solely for the state to decide as it deems best, and that decision is not open to question by the county or the courts.

3. Ch. 746, Laws of 1913 (amending sec. 656, Stats., so as to provide that "in the construction hereafter of any courthouse . . . no outer wall shall be nearer than forty feet to the boundary line of any privately owned contiguous premises," and that the plans shall be accompanied by a certificate of the circuit judge to the effect that he is advised by experts and believes that the court rooms will possess proper acoustical properties), is not invalid as being unreasonable or discriminatory.

4. Where, at the time said act of 1913 took effect, contracts for the erection of a courthouse not complying therewith had already been made, but the work had not been commenced, the statute was applicable and was not invalid on the ground that it impaired the obligations of the contracts.

5. The state may breach its contracts if it will, subject to the payment of damages, without impairing the obligations of contracts, for it is because they are unimpaired that damages may be recovered for their breach.

6. Equity will not enforce the specific performance of such a building contract against private persons, and much less against the public.

Timlin, J., dissents.

Appeal from an order of the circuit court for Racine county: Chester A. Fowler, Judge. *Affirmed.*

Action in equity brought against *Racine County* and certain contractors to obtain a perpetual injunction enjoining the erection of a county courthouse at the city of Racine, for the building of which contracts had already been entered into between the county and the defendant contractors. General de-

murrers to the complaint were overruled, and the defendants appeal.

It appears by the complaint that the county had entered into contracts with the other defendants to build a courthouse upon certain property owned by the county on the west side of Main street in the city of Racine, 120 feet in width from north to south by 140 feet in depth from east to west; that the contiguous property on both north and south is privately owned; that said projected building is to be about eighty feet in width from north to south, thus bringing the north and south walls thereof respectively twenty feet distant from the privately owned property aforesaid; that the county board of supervisors has appropriated $165,000 for the erection of said building and has directed the issuance of county bonds for that sum, which bonds are in the hands of the county treasurer, ready to be negotiated and sold; that the contracts aforesaid were entered into in August, 1912, but that the work thereunder has not been commenced on account of certain litigation involving the legality of the proceedings leading up to the contracts; that on August 4, 1913, ch. 746 of the Laws of Wisconsin for the year 1913 went into effect, which law provides as follows:

"In the construction hereafter of any courthouse the following restrictions and limitations shall be observed:

"(a) No outer wall shall be nearer than forty feet to the boundary line of any privately owned contiguous premises.

"(b) Such construction shall be in accordance with plans and specifications accompanied by the certificate of the judge of the circuit court in whose circuit the building is to be erected, to the effect that after consultation with competent experts he is advised and believes that the court rooms therein provided for will possess proper acoustical properties. The expense of such expert advice shall be paid out of the county treasury upon the certificate of such judge.

"Repairs which amount substantially to the reconstruction of a courthouse shall be governed by the same restrictions and limitations, as far as practicable."

That on or about August 15, 1914, the county delivered

possession of the property to the contractors and that the defendants threaten to tear down the buildings now on the property and erect the new courthouse, and will do so unless restrained by injunction. The plaintiff prays for an injunctional order preventing the construction of said building or the issuance or sale of bonds therefor until the county shall have acquired sufficient of the contiguous property north or south of its own land so as to leave a space of forty feet on the north and south sides respectively of the new building.

*William W. Storms,* district attorney, for the appellant *Racine County.*

For the appellant *General Construction Company* the cause was submitted on the brief of *Wheeler & Witte.*

*Frank M. Hoyt,* for the respondent.

WINSLOW, C. J.   If the law of 1913 (quoted in the statement of facts) be a valid law, and if it applies to the case in hand, there can be no doubt that the complaint states a good cause of action in equity. In such case the erection of the courthouse as contemplated by the contract would be a violation of law, and it is a well settled principle that the expenditure of corporate money for an unlawful·purpose may be enjoined by a taxpayer suing on behalf of himself and all other taxpayers. *Webster v. Douglas Co.* 102 Wis. 181, 77 N. W. 885, 78 N. W. 451.   So the legal questions arising are, (1) Is the law a valid law? and (2) Does it apply to the present case? and these questions will be briefly considered.

1. The appellants claim that the law of 1913 is unreasonable and discriminatory, but it is plain that no such claim can prevail because the question of the proper location of a courthouse is a governmental question, which is solely for the state to decide as it deems best, and that decision is not open to question by the county or the courts.   In governmental matters the county is simply the arm of the state.; the state may direct its action as it deems best and the county cannot complain or refuse to obey.   The arm is not to be heard to chal-

lenge the wisdom of the commands of the brain. We see no reason to question the validity of any of the provisions of the law.

2. The law went into effect August 4, 1913, and in terms applies to courthouses "hereafter" erected. As the construction of the Racine courthouse has not yet commenced, it is within the express terms of the law.

It is said that if the law be held to apply to the present case it will impair the obligations of the building contracts. Not so, however. The state may breach its contract if it will, subject to the payment of damages. This is not impairing the obligations of a contract. It is because the obligations of a contract are unimpaired that damages may be recovered for their breach. *Lord v. Thomas,* 64 N. Y. 107; *Danolds v. State,* 89 N. Y. 36; *Chalstran v. Board of Ed.* 244 Ill. 470, 91 N. E. 712. Equity will not enforce the specific performance of a building contract like the present against private persons and much less against the public. 36 Cyc. 581; *Kendall v. Frey,* 74 Wis. 26, 42 N. W. 466. The public interest may demand the breach even at the expense of responding in damages.

*By the Court.*—Order affirmed.

Timlin, J. (*dissenting*). (1) I think ch. 746, Laws of 1913, is invalid as against the appellants who are contractors because it impairs the obligations of their contracts if it applies to their existing contracts as ruled by the majority opinion. *Green v. Biddle,* 8 Wheat. 1.

(2) I do not think a taxpayer is so affected that he can maintain such an action as this, because his taxes are not increased by the determination of the appellants to adhere to the contract entered into prior to the enactment of the statute in question. *Bell v. Platteville,* 71 Wis. 139, 36 N. W. 831; *Linden L. Co. v. Milwaukee E. R. & L. Co.* 107 Wis. 493, 83 N. W. 851.