Douglas County and another, Appellants, vs. Industrial Commission and another, Respondents.

*February 8—March 5, 1957.*

312

For the appellants there were briefs by *Quarles, Spence & Quarles,* attorneys, and *Edward H. Borgelt, Edmund W. Powell,* and *Anton Motz* of counsel, all of Milwaukee, and oral argument by *Mr. Powell* and *Mr. Motz.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondent Eva Alenius there was a brief by *Roberts, Roe, Boardman, Suhr & Bjork* of Madison, and oral argument by *Walter M. Bjork.*

CURRIE, J. The issue before us on this appeal is the validity of the retroactive repeal by ch. 397, Laws of 1953, of the right existing under sec. 66.908 (2) (aa), Stats. 1951, to offset against the workmen's compensation death benefits, due the widow, the amount of the benefits payable to her from the Wisconsin retirement fund. The appellant county and its insurance carrier contend that such retroactive repeal violates sec. 10, art. I of the United States· constitution,

prohibiting a state from passing any law impairing the obligation of a contract; the due-process clause of the Fourteenth amendment to the United States constitution; and the corresponding prohibitions of the Wisconsin constitution found in secs. 1 and 12 of art. I thereof. They base such contention upon the ground that such repeal impairs the obligation of a contract and deprives appellants of vested rights in the nature of property rights without due process of law.

It is the position of the appellants that the widow's rights to workmen's compensation benefits are grounded upon contract. Several past decisions of this court are cited in support of such contention, including *Anderson v. Miller Scrap Iron Co.* (1919), 169 Wis. 106, 115, 170 N. W. 275, 171 N. W. 935; and *Sheban v. A. M. Castle & Co.* (1924), 185 Wis. 282, 287, 201 N. W. 379. However, in the *Anderson Case* the court made clear the connotation in which the court employed the word "contract," as applied to rights and liabilities arising under the Workmen's Compensation Act, by stating that the provisions of such act became a part of every contract of hire "not as a covenant thereof, but to the extent that the law of the land is a part of every contract."

If the right of the county to the offset here at issue arises not by reason of any covenant of the employment contract on the part of the employee, but solely from legislative fiat, the question arises as to whether the legislature cannot withdraw such right of offset at any time without impairing the obligation of the employment contract. However, for the purposes of this opinion we find it unnecessary to pass on such issue. This is because of our conclusion that neither the impairment-of-contract nor the due-process-of-law provisions of the federal and state constitutions have any application to the act of the legislature in retroactively taking away from the county its right of offset.

Counties, like other municipal corporations, are mere instrumentalities of the state, and statutes confer upon them

their powers, prescribe their duties, and impose their liabil-
ities. *Frederick v. Douglas County* (1897), 96 Wis. 411,
417, 71 N. W. 798; and *Commissioners v. Lucas* (1876),
93 U. S. 108, 114, 23 L. Ed. 822. Because of this, the legis-
lature may, with the consent of the other party, revoke any
contract entered into by a county or other municipal corpo-
ration in performance of a governmental function, and in so
doing there is no violation of the constitutional prohibition
against a state taking action to impair the obligation of a
contract. This rule is stated in 37 Am. Jur., Municipal
Corporations, pp. 699, 700, sec. 89, as follows:

"A contract to which a municipal corporation is a party,
relating to a public and governmental matter, may, however,
be revoked by the legislature with the consent of the other
party without thereby violating the right of the munici-
pality."

The foregoing rule was clearly enunciated by the United
States supreme court in *Worcester v. Worcester Consol-
idated Street R. Co.* (1905), 196 U. S. 539, 25 Sup. Ct. 327,
49 L. Ed. 591. In that case the question before the court was
whether a state legislature could abrogate the provisions of
a contract between a city and a railroad company with the
assent of the latter, and provide for a different method for
the paving and repairing of city streets through which the
tracks of the railroad were laid. The city endeavored to
enforce the original contract, contending that the act of the
legislature in abrogating it violated the impairment-of-con-
tract clause of the United States constitution. The court
in its opinion held that the legislature had the power to
abrogate the contract with the consent of the railroad com-
pany, and pointed out that municipal corporations are mere
instrumentalities of the state. Therefore, the state had the
same right to terminate the contract with the consent of the
railroad company that the city itself possessed.

This court as recently as 1951 cited with approval *Worcester v. Worcester Consolidated Street R. Co., supra,* in *Madison Metropolitan Sewerage Dist. v. Committee* (1951), 260 Wis. 229, 247, 50 N. W. (2d) 424.

In *Trenton v. New Jersey* (1923), 262 U. S. 182, 43 Sup. Ct. 534, 67 L. Ed. 937, the United States supreme court made this significant statement (262 U. S. at p. 188):

"The power of the state, unrestrained by the contract clause or the Fourteenth amendment, over the rights and property of cities held and used for 'governmental purposes' cannot be questioned."

In keeping with this principle this court stated in *Holland v. Cedar Grove* (1939), 230 Wis. 177, 189, 282 N. W. 111, 282 N. W. 448:

"Municipal corporations have no private powers or rights as against the state. They may have lawfully entered into contracts with third persons which contracts will be protected by the constitution, but beyond that they hold their powers from the state and they can be taken away by the state at pleasure. *Richland County v. Richland Center* (1884), 59 Wis. 591, 18 N. W. 497; *Frederick v. Douglas County* (1897), 96 Wis. 411, 71 N. W. 798."

The contract rights arising under an agreement entered into by a municipality, acting in a governmental capacity, and third persons, which are protected by the constitution against impairment by the legislature, are those of the third persons, not those of the municipality. *Worcester v. Worcester Consolidated Street R. Co., supra.* This is because whenever a municipal corporation makes a contract in its governmental capacity with a third party it is the same as if the state itself were one of the two contracting parties, the municipality being but an arm of the state.

The appellants further contend that irrespective of whether there has been any impairment of a contract by the repeal of the offset, the county possessed a vested right, as of the time

that the fatal accident to the employee occurred, to pay only such workmen's compensation benefits as the statutes then in effect provided.

The extract hereinbefore quoted from the opinion of the United States supreme court in *Trenton v. New Jersey, supra,* makes it crystal clear that a municipality acting in its governmental capacity can possess no vested right as against the state. This court has on numerous occasions held to the same effect. Among cases so holding are *Madison Metropolitan Sewerage Dist. v. Committee, supra,* and *Bell v. Bayfield County* (1931), 206 Wis. 297, 302, 239 N. W. 503.

Appellants advance no contention that the county here acted otherwise than in a governmental capacity. Any workmen's compensation benefits it might be required to pay directly, as well as any premiums due to provide workmen's compensation insurance coverage, would necessarily be payable from its tax revenues. Moneys acquired by a municipality from taxes collected are held in its governmental, and not its proprietary, capacity. *Bell v. Bayfield County, supra,* and *Will of Heinemann* (1930), 201 Wis. 484, 230 N. W. 698.

The appellants place great reliance upon *Kleiner v. Milwaukee* (1955), 270 Wis. 152, 70 N. W. (2d) 662. A city of Milwaukee fireman was killed in the course of duty on November 8, 1952. Milwaukee has its own pension fund for its firemen, the "firemen's annuity and benefit fund." Sec. 102.07 (2), Stats. 1951, provided that there should be deducted from any workmen's compensation benefits due a fireman the benefits due under such a pension fund. An award of workmen's compensation death benefits was made by order of the commission dated April 23, 1953, which order contained this provision, "there shall be deducted from the sums herein ordered to be paid to the applicant such amounts as have been or shall be paid to the applicant each

month from the firemen's annuity and benefit fund." Thereafter, the legislature enacted ch. 397, Laws of 1953, which was published July 8, 1953, and by its terms took retroactive effect as of July 6, 1951. The widow then commenced an action for a declaratory judgment against the city of Milwaukee in which she asserted that ch. 397, Laws of 1953, retroactively repealed the provision of the 1951 statutes, pursuant to which the industrial commission, in its award, had offset her pension benefits against the workmen's compensation death benefits awarded to her. The trial court entered an order sustaining a general demurrer to the complaint, and this court on appeal affirmed such order.

In *Hagenah v. Lumbermen's Mut. Casualty Co.* (1942), 241 Wis. 226, 235, 5 N. W. (2d) 760, it was held that an award of the industrial commission "not appealed from has all the legal consequences of a judgment except that no execution can be issued upon it." Our opinion in the *Kleiner Case* was based upon the principle that ordinarily the legislature cannot retroactively affect rights which have become vested by judgment. This was equivalent to determining that the plaintiff widow could not make use of a subsequently enacted statute, which she contended had retroactively repealed the city's right of offset, as the basis for *collaterally attacking a prior judgment* which gave effect to such offset.

Neither of the briefs in the *Kleiner Case* raised the issue, which confronts us here, of whether a municipal corporation, acting in a governmental capacity, possesses any vested rights against the state. In the instant case, unlike in the *Kleiner Case,* no award, providing for an offset, was in effect when the legislature enacted ch. 397, Laws of 1953. In the first place, the award of the examiner in the present case awarded full workmen's compensation benefits to the widow with no offsetting of the benefits due from the Wisconsin retirement fund. Secondly, by reason of the employer county and its insurer having timely moved for a review of such examiner's

award, such award ceased to have any effect whatsoever until such time as the commission took affirmative action with respect thereto. Sec. 102.18 (3), Stats., and *State v. Industrial Comm.* (1940), 233 Wis. 461, 465, 289 N. W. 769.

In the *Kleiner Case* an extract from 16 C. J. S., Constitutional Law, p. 1190, sec. 225, is quoted to the effect that rights and obligations under a workmen's compensation law become fixed at the time of the occurrence of the accident so as to be beyond the power of the legislature to change them. It is apparent from the authorities hereinbefore cited that this is not true as to employees of a municipal corporation. The able memorandum opinion of the learned trial judge in the case at bar analyzes the three cases cited in the footnote of C. J. S. in support of such extract quoted in our opinion in the *Kleiner Case*. Such analysis demonstrates that such cases are not authority for any such broad principle.

The appellant Insurance Company contends that, even if the retroactive provision of ch. 397, Laws of 1953, is not unconstitutional as to the county, it is as to such company. In order to pass on this contention it is necessary to review the pertinent statutes applicable to workmen's compensation insurance, viz., secs. 102.28 and 102.31 (1) (a), Stats. 1951.

Sec. 102.28 (2), Stats. 1951, requires that any employer liable under the Workmen's Compensation Act to pay compensation "shall insure payment of such compensation in some company authorized to insure such liability in this state unless such employer shall be exempted from such insurance by the industrial commission." Sec. 102.31 (1) (a), Stats. 1951, provides that the insurance contract "shall be construed to grant *full coverage of all liability of the assured* under and according to the provisions" of the Workmen's Compensation Act.

This court in *Maryland Casualty Co. v. Industrial Comm.* (1929), 198 Wis. 202, 211, 221 N. W. 747, 223 N. W. 444,

was called upon to determine the nature of the liability of an insurance company, under its policy of workmen's compensation insurance, in the light of these same statutory provisions. The conclusion reached, stated in the words of Mr. Justice (later Chief Justice) ROSENBERRY, is as follows:

"Therefore, when an insurance company undertakes to write workmen's compensation insurance it assumes the employer's obligation to pay compensation. *The measure of its liability under its policy and the statute is the employer's liability to the injured employee.*" (Emphasis supplied.)

Under these statutes, as so interpreted, we cannot conceive of a situation where the employer would be liable to pay benefits for which the insurance carrier would not also be liable, unless the legislature has expressly provided otherwise, such as in the case of the imposition of a penalty payment to be borne solely by the employer. Therefore, when an insurance company issues a policy of workmen's compensation insurance to a municipal corporation, such as a county, its obligation is to discharge the full liability of the insured municipality for workmen's compensation benefits, not merely such hypothetical benefits as may have been due under the statutes as they stood at the time the policy was issued or when some accident occurred. In other words, the company's contract under its policy is to pay whatever workmen's compensation benefits the legislature may have seen fit to impose upon the insured municipality. When the policy of coverage is so construed, there is no question of interference with vested rights, or impairment of the obligation of a contract, presented here.

Appellants also raise a question of statutory construction with respect to the wording of ch. 397, Laws of 1953. We have duly considered the same and find no merit in the contention advanced with respect thereto.

*By the Court.*—Judgment affirmed.