MATHEWS, by Guardian *ad litem,* Respondent, v. BIG FOOT COUNTRY CLUB, Appellant.

*April 8—May 5, 1959.*

For the appellant there were briefs and oral argument by *Thomas G. Godfrey* of Elkhorn.

For the respondent there was a brief and oral argument by *John B. Morrissy* of Lake Geneva.

DIETERICH, J. The sole issue on this appeal is whether the award of the industrial commission is binding upon the parties as a final determination and, therefore, not subject to collateral attack.

The plaintiff made application to the Wisconsin industrial commission for workmen's compensation benefits and signed the customary stipulation respecting the employer-employee relationship. The plaintiff accepted the temporary total disability award made and the compensation carrier for the Country Club paid it. In addition thereto the industrial commission found that the plaintiff had sustained a five per cent permanent partial disability to his hand at the wrist and awarded him $740 for said injury. Medical expenses of $423.10 were paid by the compensation carrier.

The plaintiff accepted the award of the industrial commission and did not appeal or file for a rehearing.

Sec. 102.23, Stats. 1955, provides:

"JUDICIAL REVIEW. (1) The findings of fact made by the commission acting within its powers shall, in the absence of fraud, be conclusive; and the order or award, either interlocutory or final, whether judgment has been rendered thereon or not, shall be subject to review only in the manner and upon the grounds following: Within thirty days from the date of an order or award originally made by the commission as a body or following the filing of petition for review with the commission under sec. 102.18 any party aggrieved thereby may commence, in the circuit court for Dane county, an action against the commission for the review of such order or award, in which action the adverse party shall also be made defendant. . . ."

In *Douglas County v. Industrial Comm.* (1957), 275 Wis. 309, 317, 81 N. W. (2d) 807, it was said:

"In *Hagenah v. Lumbermen's Mut. Casualty Co.* (1942), 241 Wis. 226, 235, 5 N. W. (2d) 760, it was held that an award of the industrial commission 'not appealed from has all the legal consequences of a judgment except that no execution can be issued upon it.' "

The award made by the industrial commission is in legal effect a judgment under the statute, and is not subject to collateral attack.

In view of our decision, other questions on this appeal become immaterial.

*By the Court.*—Order reversed, with instructions to the trial court to dismiss the complaint.