STATE, Respondent, v. MUTTER, Appellant.*

*March 6—March 31, 1964.*

\* Motion for rehearing denied, without costs, on June 2, 1964.

For the appellant there were briefs by *Edward D. Cleveland,* attorney, and *Whyte, Hirschboeck, Minahan, Harding & Harland* of counsel, all of Milwaukee, and oral argument by *Mr. Cleveland.*

For the respondent the cause was argued by *Roy G. Tulane,* assistant attorney general, with whom on the brief was *George Thompson,* attorney general.

GORDON, J.   This case presents a difficult problem in the construction of statutory law and brings to mind the comment attributed to Lord Coke:

"If it be common law, I should be ashamed if I could not give you a ready answer; but if it be statute law, I should be equally ashamed if I answered you immediately."

—Woolrych, Life of Coke, page 197.

As the defendant analyzes the statutory history of the Forest Crop Law, he draws the conclusion that Vilas county was legally entitled to withdraw its lands from the state

program. He bases this conclusion on the provisions of ch. 77, Stats., and particularly sec. 77.03, which the defendant urges was the controlling section at the time that Vilas county entered its lands. Such entry occurred before the enactment of ch. 195, Laws of 1959, and there is not much doubt that prior thereto a county could withdraw its forest crop lands for purposes other than sale without reimbursement to the state.

Since the amendment in 1959, sec. 77.10 (2) (a), Stats., provides that, "A county may withdraw county-owned lands from this chapter under s. 28.12." The latter section, which had been enacted in 1947, required reimbursement to the state and set up a formal procedure to be observed by the county board in connection with a withdrawal. The defendant argues that the 1959 change was not intended to present an exclusive means by which a county could withdraw its lands. We, however, are not able to adopt the defendant's construction. Our interpretation of the statutory language requires the conclusion that the 1959 amendment is aimed at all proposed withdrawals of county-owned lands. Accordingly, the contemplated withdrawal on the part of Vilas county required that such county follow the provisions of sec. 28.12.

The defendant also claims that the county had a contractual right under the pre-existing statutes of the Forest Crop Law, which right was constitutionally inviolable. We recognize that the language of sec. 77.03, Stats., on its face appears to support the defendant's contention. The language of the statute, in part, is here quoted:

"The passage of this act, petition by the owner, the making and recording of the order hereinbefore mentioned shall constitute a contract between the state and the owner, running with said lands, for a period of fifty years, unless terminated as hereinafter provided, with privilege of re-

newal by mutual agreement between the owner and the state, whereby the state as an inducement to owners and prospective purchasers of forest crop lands to come under this chapter agrees that until terminated as hereinafter provided, no change in or repeal of this chapter shall apply to any land then accepted as forest crop lands, except as the conservation commission and the owner may expressly agree in writing."

Notwithstanding the above-quoted statute, we are obliged to conclude that the legislature was not legally bound by it. The law is clear in Wisconsin that the legislature, in its relationship with municipal or quasi-municipal corporations of the state, is not obliged to heed prior legislative expressions. Thus, the legislature by statute can take away from a municipality what it has previously given to it by statute. *Madison Metropolitan Sewerage Dist. v. Committee* (1951), 260 Wis. 229, 242, 50 N. W. (2d) 424. We recently expressed a related concept in *Ashwaubenon v. Public Service Comm.* (1963), 22 Wis. (2d) 38, 125 N. W. (2d) 647, when we pointed out that fixed and vested rights are not obtained in connection with a waterway intrusion which had been authorized by the legislature. At page 49 of the *Ashwaubenon Case,* we said:

"It cannot be denied that the riparian owners have only a qualified title to the bed of the waters. The title of the state is paramount and the rights of others are subject to revocation at the pleasure of the legislature."

This court has often said that a municipal corporation does not have a vested right in an enactment of the legislature. The state retains the inherent power to redefine the relative rights of the county in the forest crop program.

The right of a county to challenge acts of the legislature is sharply restricted. *State ex rel. Martin v. Juneau* (1941), 238 Wis. 564, 571, 300 N. W. 187. This view is based on the fact that the county is a creature of the state and exists

in large measure to help handle the state's burdens of political organization and civil administration. We recognized this concept in *School Dist. v. Callahan* (1941), 237 Wis. 560, 570, 297 N. W. 407, wherein we quoted from *Hunter v. Pittsburgh* (1907), 207 U. S. 161, 178, 179, 28 Sup. Ct. 40, 52 L. Ed. 151:

" 'Municipal corporations are political subdivisions of the state, created as convenient agencies for exercising such of the governmental powers of the state as may be intrusted to them. . . . The state, therefore, at its pleasure, may . . . expand or contract the territorial area, unite the whole or a part of it with another municipality, repeal the charter and destroy the corporation. All this may be done, conditionally or unconditionally, with or without the consent of the citizens, or even against their protest. In all these respects the state is supreme, and its legislative body, conforming its action to the state constitution, may do as it will, unrestrained by any provision of the constitution of the United States. Although the inhabitants and property owners may, by such changes, suffer inconvenience, and their property may be lessened in value by the burden of increased taxation, or for any other reason, they have no right, by contract or otherwise, in the unaltered or continued existence of the corporation or its powers, and there is nothing in the federal constitution which protects them from these injurious consequences. The power is in the state, and those who legislate for the state are alone responsible for any unjust or oppressive exercise of it.' "

We reached a comparable conclusion in the recent case of *Columbia County v. Wisconsin Retirement Fund* (1962), 17 Wis. (2d) 310, 317, 116 N. W. (2d) 142. See also *Douglas County v. Industrial Comm.* (1957), 275 Wis. 309, 81 N. W. (2d) 807; *State ex rel. Bare v. Schinz* (1927), 194 Wis. 397, 216 N. W. 509.

Since the lands from which the seized logs were cut had never validly been withdrawn from entry under the Forest

Crop Law, we conclude that the defendant was properly convicted of a violation of sec. 26.06 (2), Stats., for his unlawful removal of the seizure notices.

*By the Court.*—Order affirmed.

BEILFUSS, J., took no part.