THE HONORABLE, THE ASSEMBLY
Assembly Bill No. 64 (1971) if enacted would revamp Wisconsin's statutes pertaining to incorporation, annexation and consolidation. It creates a state, three-man boundary review board and establishes statutory standards against which all incorporations and annexations are measured. All annexations, *Page 295 
other than municipally-owned territory, have been made subject to review and approval by the boundary review board prior to becoming effective.
As to certain annexations, mainly those based on petitions from electors and landowners of the area proposed to be annexed, referendum approval within such area would be required as under present law. Section 23 of the bill amends sec. 66.021 (5) (a), Stats., to retain referendum in certain cases, and sec. 66.021 (5) (g) which provides that "If the result of the referendum is against annexation, all previous proceedings shall be nullified" is not repealed.
No referendum within the area proposed to be annexed is provided for where the proposed annexation is initiated by the city or village under aboundary expansion program plan pursuant to proposed sec. 66.022, Stats., contained in section 33 of the bill, and which has been proven and approved. A two-thirds vote of the members-elect of the governing body of the municipality can affect such annexation following State Board approval.
Assembly Resolution No. 27 (1971) requests my opinion whether the legislature can constitutionally provide for annexation of territory without referendum for approval by the electors and landowners in the territory to be annexed.
It is my opinion that it can. There is no right of referendum guaranteed by either the United States or Wisconsin Constitutions.
In McQuillin, Municipal Corporations, Vol. 2, sec. 7.17, p. 344, it is stated:
"Unless otherwise provided by the state constitution, it is discretionary with the legislature to provide for a referendum on the question of the extension of corporate limits."
At Vol. 2, sec. 7.16, p. 343, of the same authority, it is stated:
"The constitutionality of laws providing for annexation without the consent of the inhabitants has in many cases been sustained." *Page 296 
In School Dist. v. Callahan (1941), 237 Wis. 560, 570, 297 N.W. 407, the court quoted with approval the following statement in Hunter v.Pittsburgh, 207 U.S. 161, 178, 179, 28 S.Ct. 40, 52 L.ed. 151:
"`Municipal corporations are political subdivisions of the state, created as convenient agencies for exercising such of the governmental powers of the state as may be intrusted to them. . . . The state, therefore, at its pleasure, may . . . expand or contract the territorial area, unite the whole or a part of it with another municipality, repeal the charter and destroy the corporation. All this may be done, conditionally or unconditionally, with or without the consent of the citizens, or even against their protest. In all these respects the state is supreme, and its legislative body, conforming its action to the state constitution, may do as it will, unrestrained by any provision of the constitution of the United States. Although the inhabitants and property owners may, by such changes, suffer inconvenience, and their property may be lessened in value by the burden of increased taxation, or for any other reason, they have no right, by contract or otherwise, in the unaltered or continued existence of the corporation or its powers, and there is nothing in the federal constitution which protects them from these injurious consequences. The power is in the state, and those who legislate for the state are alone responsible for any unjust or oppressive exercise of it.'"
This statement was again quoted with approval in State v. Mutter
(1964), 23 Wis.2d 407, 413, 127 N.W.2d 15. Also see Zawerschnik v. JointCounty School Comm. (1955), 271 Wis. 416, 73 N.W.2d 566, and opinion at 56 OAG 145 (1967).
Wisconsin statutes have not always required or permitted referendum proceedings in connection with annexations. In Town of Wilson v. City ofSheboygan (1939), 230 Wis. 483, 488, 283 N.W. 312, it was held that, although then sec. 62.07 (2) (c), Stats., did provide for a referendum in detachment proceedings, no similar provision applied to attachment proceedings and no referendum could be had under the direct legislation statute, then sec. 10.43, Stats., since that section did not apply to ordinances already passed. *Page 297 
In State ex rel. Madison v. Walsh (1945), 247 Wis. 317, 324,19 N.W.2d 299, it was held that towns could not contest the validity of annexation of territory by a city by showing that after passage of the annexation ordinance the town boards had conducted a referendum in which the vote was against the detachment of the territory, since the statutes then in force made no provision for a referendum in case of annexation proceedings.
In Milwaukee v. Sewerage Comm. (1954), 268 Wis. 342, 67 N.W.2d 624, it was held that the statute dealing with consolidation of municipal corporations, sec. 66.02, Stats., was constitutional and that while the legislature cannot delegate the power to make a law it can lay down fundamentals and standards and delegate to administrative agencies authority to exercise such legislative power as is necessary to carry into effect the general legislative purpose. The court held that consolidation and annexation are matters of state-wide concern. At page 350 the court set forth the broad scope of the legislature's power in these areas:
"The legislature is prohibited by sec. 31, art. IV of the Wisconsin constitution from enacting any special or private law regarding the incorporation of a town, city, or village. There is no constitutional limitation prohibiting the legislature from creating, enlarging, diminishing, or abolishing towns. Nor is there any constitutional restriction as to the legislature's authorization of the consolidation of cities, towns, and villages. Clearly such matters are entirely within the realm of the legislature's power and discretion."
In Village of West Milwaukee v. Area Bd. of V. T. A. Ed. (1971),51 Wis.2d 356, 373-375, 187 N.W.2d 387, it was held that the legislature had power to establish rules for the formation and alteration of school districts and could delegate to administrative agencies the authority to exercise such legislative power as necessary to carry into effect the general legislative purpose without the necessity of election or referendum in the areas affected.
I am of the opinion that a statute resulting from enactment of Assembly Bill No. 64 (1971) would be constitutional insofar as it establishes standards against which all annexations *Page 298 
are measured and delegates to a state boundary review board and a city council or village board power to determine whether a proposed annexation under a boundary expansion plan shall become effective, without referendum for approval by electors and landowners in the territory to be annexed.
RWW:RJV