CLEMENS V. HEDEEN, District Attorney, Door County
You have requested my opinion on seven questions relating to sec. 59.495, Stats., as created by ch. 331, Laws of 1973, which provides for state salary supplements to full-time and part-time Family Court Commissioners.
Section 59.495, Stats., provides, in part:
 "FAMILY COURT COMMISSIONERS; SALARY SUPPLEMENTS. (1) In counties having a population of less than 500,000, each family court commissioner, deputy family *Page 434 
court commissioner and assistant family court commissioner, who is employed on a full-time basis shall receive, in addition to his present county paid salary, office expenses, supplies and stenographic services as provided in s. 247.17, an annual supplement of $4,500 per year payable under s. 20.855 (2) (c). The payments shall be made to the county in which he is appointed, and the supplements shall be paid to the family court commissioners, deputy family court commissioners and assistant family court commissioners in at least semimonthly installments by such counties out of the county treasury.
 "(2) Each family court commissioner who is employed on a part-time basis shall receive an annual salary supplement of $2,000 per year in the same manner as prescribed under sub. (1).
"***"
 1. Is the Door County Family Court Commissioner entitled to the $2,000 per year annual supplement?
I am of the opinion that he is. As later pointed out, the office is part-time in Door County.
 2. Is the Family Court Commissioner entitled to $2,000 in 1974?
I am of the opinion that he is not. The law became effective July 3, 1974. Section 59.495 (1), (2), Stats., provides that the supplement shall be payable in at least semimonthly installments. It is my opinion that a part-time Family Court Commissioner would be entitled to semimonthly installments for that period of 1974 subsequent to July 3, 1974, during which he served, not to exceed $1,000 for the period July 3, 1974 through December 31, 1974. While the statute does not specifically require proration, the salary supplement is on an annual basis and is to be paid in installments. It is my opinion that the amounts should be prorated and that the state will only pay the county a pro rata amount based on the annual rate.
 3. Is the County Treasurer required to commence semimonthly payments before receipt of funds from the state? *Page 435 
I am of the opinion that he is not. The right to such funds accrues to the Family Court Commissioner, however. The provisions of sec. 59.495 (1), Stats., differ from sec. 59.471 (1), Stats. The latter statute requires payment of the District Attorney's salary supplement semimonthly out of the county treasury with reimbursement by the state. The former provides that "payments shall be made to the county . . . and the supplements shall be paid to the family court commissioner . . . in at least semimonthly installments by such counties out of the county treasury."
 4. May a county refuse to increase the compensations of the Family Court Commissioner?
The answer is that the county is without power to act with respect to the increase in the form of a salary supplement payable from state funds which the legislature has expressly provided for. The county cannot decrease the compensation provided from county funds which is required by sec. 247.17, Stats. Paragraph (2) of sec. 1 of ch. 331, Laws of 1973, expressly provides:
 ". . . No county shall reduce the salary and allowances it is currently providing any family court commissioner, deputy or assistant as of the effective date of this act."
 5. May a county refuse to accept the salary supplement paid by the state?
The answer is "no."
The statute provides for a salary supplement. It is payable from state funds and belongs to the Family Court Commissioner as an incident of his office. The County Treasurer performs a ministerial task in paying out the funds pursuant to the statute. The statement of intent in ch. 331, Laws of 1973, clearly evidences that the matter is one of statewide concern.
Counties are required to comply with regularly enacted statutes affecting them.
 "Counties . . . are mere instrumentalities of the state, and statutes confer upon them their powers, prescribe their duties, and impose their liabilities. . . ." Douglas County v. Industrial Comm. (1957), 275 Wis. 309, 313-314, 81 N.W.2d 807. *Page 436 
 ". . . The state retains the inherent power to redefine the relative rights of the county . . .
 "The right of a county to challenge acts of the legislature is sharply restricted. . . . the county is a creature of the state and exists in large measure to handle the state's burdens of political organization and civil administration." State v. Mutter (1964), 23 Wis.2d 407, 412, 413, 127 N.W.2d 15, appeal dismissed, 85 S.Ct. 328, 379 U.S. 201, 13 L.Ed.2d 339.
 6. Is sec. 59.495, Stats., unconstitutional by reason of the provision in sec. 59.495 (3), Stats., which results in counties over 500,000 population receiving a supplement for Family Court Commissioners and not having to pay such supplement directly to the Family Court Commissioner?
The answer is "no."
Section 59.495 (3), Stats., provides:
 "(3) In counties having a population of 500,000 or more each family court commissioner, deputy family court commissioner and assistant family court commissioner shall receive for his services $6,000 per year payable in monthly instalments to the treasurer of the county in which he serves to compensate in part the county for the expense of operating such office."
The legislature must have determined that Family Court Commissioners in counties over 500,000 were currently being compensated at a more reasonable rate in view of their duties and responsibilities than was being paid in other counties. Section 247.13 (2), Stats., creates such office "in the classified civil service" although appointment is by the judge of the circuit and county court. Section 59.495 (3), Stats., grants such counties a larger supplement for each officer and assistant in view of the volume of work in such highly populated county and leaves the matter of passing along part of the supplement to the county board of such county if it should deem it appropriate.
The statute is presumed constitutional. Counties are no longer required to have one system of government which shall be as uniform *Page 437 
as practicable. Article IV, sec. 23, Wis. Const., as amended in 1972, permits the legislature to "establish one or more systems of county government." In my opinion the varied treatment of counties over 500,000 population provided for in sec. 59.495 (3), Stats., would be a reasonable classification under the former constitutional provision. In any event, counties have no standing to challenge duly enacted statutes. State v. Mutter, supra, p. 412; Columbia County v. Wis. Retirement Fund (1962), 17 Wis.2d 310,116 N.W.2d 142.
 7. May the county abolish the position of Family Court Commissioner and recreate a position at a lower salary?
The answer is "no."
Section 247.13 (1), Stats., creates the office and provides that such officer shall be appointed by the circuit and county judges in and for said county. Section 247.17, Stats., provides that:
 "In counties having a population of less than 500,000 the county board shall by resolution provide an annual salary for the family court commissioner whether he is on a full or part-time basis . . ." (Emphasis added.)
As pointed out in 61 OAG 443, 446 (1972), the office is judicial in nature and created by a statute rather than under a statute. It was there stated that under former sec. 59.15 (2) (a), (b), 1971 Stats., the county board was without power to abolish, create or reestablish the office or transfer the duties to some other county agency. I am of the opinion that the county board does not have such power under sec. 59.025 (3), Stats., as created by ch. 118, Laws of 1973. Section 59.025 (2), Stats., provides that the power granted ". . . shall be limited only by express language but shall be subject to the Constitution and such enactments of the legislature of statewide concern as shall with uniformity affect every county." Section 59.15 (2) (a), Stats., as amended by ch. 118, Laws of 1973, gives the county board broad powers to change the salary of any offices, with exceptions, ". . . created under any statute, the salary or compensation for which is paid in whole or in part by the county, . . . and the powers . . . shall be limited only by express language."
Express language in par. (2), sec. 1 of ch. 331, Laws of 1973, prohibits the county from reducing the salary and allowances the county is currently providing any Family Court Commissioner as of *Page 438 
the effective date of this act. Express language in sec. 247.17, Stats., requires counties to provide an annual salary for Family Court Commissioners. Chapter 331, Laws of 1973, makes the office and salary of Family Court Commissioner matters of statewide concern. Each county must have a Family Court Commissioner and it is my opinion that the varied treatment of the salary supplement to Family Court Commissioners in counties over 500,000 population is based on reasonable classification, and that sec. 59.495, Stats., is an enactment of statewide concern which with uniformity affects every county. Absolute uniformity is not required.
The resolutions of the County Board for Door County which you enclose indicate that the county is not in compliance with the requirements of sec. 59.471 (3), Stats., which requires a minimum salary of $16,500 per annum for a District Attorney who is not permitted to practice law privately and sec. 247.17, Stats., which requires a county board to provide an annual salary for the Family Court Commissioner whether he is on a full or part-time basis. You presently hold both offices. In the opinion to you in 61 OAG 443, 447 (1972), it was stated:
 "Whereas the offices are now compatible by statute, within limits, the offices are separate, have separate mandatory annual salaries and one is elective and one is appointive by the judiciary. Where an individual is serving in both capacities he is entitled to both salaries. 52 OAG 14 (1963)"
 Door County Resolution 22-64, May 18, 1964, made the position of District Attorney a full-time position and provided that such officer could also assume the duties of Family Court Commissioner.
 Door County Resolution 10-68, February 20, 1968, reaffirmed that situation and provided an annual salary for District Attorney of $16,500 of which $4,500 was to be reimbursed to Door County by the state by reason of ch. 325, Laws of 1967.
 No separate salary was provided for services as Family Court Commissioner.
 Door County Resolution 68-72, December 19, 1972, provided that the position of District Attorney shall be full-time, that such officer shall also serve as Family Court Commissioner, and that *Page 439 
"part of the salary of $16,500 payable to the District Attorney is hereby allocated payable to the Family Court Commissioner as salary under Wisconsin Statutes 247.17."
 You state that Door County passed Resolution 17-74 in 1974 which establishes the District Attorney's salary at "$16,500.00, as per statute."
 I construe these resolutions as prohibiting the District Attorney to practice law privately. Such officer is by reason of sec. 59.471 (3), Stats., entitled to a minimum annual salary of $16,500. No portion of that salary can be allocated to another office or withheld from such officer. If you also serve as Family Court Commissioner on appointment by the circuit and county judges, with approval of the county board, you are entitled to a separate salary as Family Court Commissioner under sec. 247.17, Stats., and to the state supplement provided in sec. 59.495 (2), Stats.
 If there is continued noncompliance with the requirements of these statutes, you would be entitled to make a claim and commence an appropriate action.
RWW:RJV