DENNIS J. FLYNN, Corporation Counsel, Racine County
You have asked whether a county highway committee may contract for the county by entering into an agreement with the *Page 141 
state highway commission for the maintenance of state highways or whether such contract must be approved by the county board of supervisors.
The county is the arm of the state and is subject to state direction. McDougall v. Racine County (1914), 156 Wis. 663,146 N.W. 794. A county board may not restrict the statutory powers of other county officers unless authorized by the legislature.Reichert v. Milwaukee County (1914), 159 Wis. 25, 150 N.W. 401. The county highway committee is a creature of the legislature, not of the board and as such has certain statutory powers and responsibilities. Sec. 83.015, Stats.; Joyce v. Sauk County
(1931), 206 Wis. 202, 239 N.W. 439.
In ch. 83, Stats., entitled County Highways, there are statutes which designate the highway committee as the contracting party for the county and there are other instances where the county board, or both the board and the committee, must act to contract for the county.
In discussing the issue of whether and under what circumstances the county highway committee may contract for the county, the court in Joyce v. Sauk County, supra, held:
 ". . . the county highway committee is expressly vested with power to make contracts binding upon the county for the prosecution of . . . work. . . . The statute has created an agency which is empowered to bind the county by contract...." [206 Wis. at p. 206.]
Accordingly, as we see from ch. 83, Stats., and Joyce v. SaukCounty, supra, it is not unusual for the county highway committee to contract for the county.
The answer to your question, of course, depends on which agency or agencies have been designated by the legislature as the contracting party or parties for the county in the statute that authorizes the maintenance of state highways by the counties.
Maintenance of state highways by the counties is authorized in sec. 84.07 (1), Stats., which provides, in part:
 ". . . The highway commission may arrange with any county highway committee to have all or certain parts of the work of *Page 142 
maintaining the state trunk highways . . . performed by the county and any county may enter into such arrangement. . . ."[1]
I have been advised that for over twenty years, maintenance contracts have been executed by county highway committees for and on behalf of their respective counties pursuant to the provisions of sec. 84.07 (1), Stats. This extensive period of administrative construction and practice is entitled to great weight. MilwaukeeCounty v. Schmidt (1971), 52 Wis.2d 58, 187 N.W.2d 777.
The term "arrange" and the phrase "may enter into such arrangement," as used in sec. 84.07 (1), are sufficiently generic so as to reasonably include within their construction or meaning the formal arrangement commonly referred to as a contract. Further, it is clear that in this subsection, the highway commission may make arrangements for county maintenance with the county highway committee.
It is my opinion that the statutory county highway committees are authorized by the legislature to enter into maintenance contracts, executed under and pursuant to the provisions of sec.84.07 (1), Stats., which are binding on the counties without further approval of the county board.
BCL:CAB
[1] For the maintenance of the National System of Interstate Highways, see sec. 84.29 (2), which makes sec. 84.07 (1), as quoted above, applicable to the interstate highway system.