GEORGE E. RICE, Acting Corporation Counsel Milwaukee County
You ask my opinion on an adopted resolution of the Milwaukee County Board of Supervisors, as approved by the county executive. which attempts to detect and to prevent fraud in the administration of the general relief program. Specifically, you ask whether the county board can require general relief applicants to provide a fingerprint on a county I.D. card for identification purposes.
Eligible dependent persons are entitled to general relief in Wisconsin under one of two basic administrative arrangements. Section 49.02 (1), Stats., provides that municipalities shall provide such relief while section 49.03 establishes two optional programs whereby counties may, at their election, assume some or all of the responsibility for the provision of general relief. Counties in which relief is *Page 186 
administered by municipalities are said to be on the "unit" system. and counties electing to provide relief directly to recipients, pursuant to section 49.03, are said to be on the "county" system. Brown County v. H SS Department, 103 Wis.2d 37,45-46, 307 N.W.2d 247 (1981).
With respect to a particular group of relief recipients denominated as "state dependents" under section 49.04 (1), the state, rather than the local relief granting agencies. bears the ultimate cost of any assistance granted on a temporary basis as defined by section 49.01 (7). The underlying purpose of section 49.04 was to relieve counties of the added burden of relief to transients from outside the state as a result of the migrations following World War II by providing state reimbursement for aid given to persons who had no legal settlement in Wisconsin and who had resided in the state for less than one year. However, it was intended that the counties or local units of government should remain primarily liable for the relief of persons whose need for relief could be fairly said to have arisen in the background of local conditions. State ex rel. Milwaukee County v. Schmidt,50 Wis.2d 303. 310-11, 184 N.W.2d 183 (1971).
The relationship between counties and the state and the extent of the authority which counties may legitimately exercise was summarized in Dane County v. H SS Dept., 79 Wis.2d 323, 329-30,255 N.W.2d 539 (1977):
 This court recently reaffirmed the principle that counties are creatures of the Legislature and their powers must be exercised within the scope of authority ceded to them by the state, State ex rel. Conway v. Elvod, 70 Wis.2d 448s, 234 N.W.2d 354 (1975). The Legislature's authority to regulate the powers of a county are found in Art. IV, sec. 23, Wis. Const. State v. Sylvester, 26 Wis.2d 43, 132 N.W.2d 249, 253
(1965). In governmental matters, the county is simply the arm of the state: the state may direct its action as it deems best and the county cannot complain or refuse to obey. McDougall v. Racine County, 156 Wis. 663, 146 N.W. 794 (1914). Madison Metroplitan [Metropolitan] Sewerage District v. Committee on Water Pollution, 260 Wis. 229, 50 N.W.2d 424 (1951). The county exists in large measure to help handle the state's burden of political organization and civil administration. State v. Mutter, 23 Wis.2d 407, 127 N.W.2d 15, 18 (1964), appeal dismissed, 379 U.S. 201. But as a creature of state, it is not *Page 187 
permitted to "censor or supervise" the activities of its creator. Marshfield v. Cameron, 24 Wis.2d 56, 63, 127 N.W.2d 809 (1964).
In the absence of statewide enabling legislation, it is my opinion that the county board has no authority to require a general relief applicant to provide a fingerprint as a condition of original or continuing eligibility.
The whole matter of general relief is of statutory origin. Therefore, the Legislature, having full power with respect to the furnishing of general relief, may prescribe the conditions under which it is to be furnished. Holland v. Cedar Grove,230 Wis. 177, 189, 282 N.W. 111. 282 N.W. 448 (1939).
The local relief granting agency has a clear duty to support all dependent persons. State ex rel. Tiner v. Milwaukee County,81 Wis.2d 277. 282-83, 260 N.W.2d 393 (1977), and cases cited therein. The court has consistently held that eligibility for relief is entirely governed by statute and has declared invalid attempts at establishing preconditions to the receipt of relief that are not provided for by the Legislature. Tiner,81 Wis.2d at 284.
In State ex rel. Sell v. Milwaukee County, 65 Wis.2d 219,222 N.W.2d 592 (1974), the county required denial of general relief until an applicant transferred to the county relief-granting agency his car title and license plates. The court held:
 [B]y requiring the transfer as a preliminary to the granting of even temporary relief, the department has spelled out in rule form an unauthorized and illegal prerequisite to the exercise by welfare authorities of their statutory duty to determine whether or not a person seeking temporary assistance is, in fact, a dependent person and eligible for relief.
State ex rel. Sell, 65 Wis.2d at 223-24. The proposed fingerprinting requirement clearly constitutes a precondition to eligibility.
In this latter respect, I fail to see the distinction between a request for a fingerprint as opposed to a requirement when the failure to comply with a request results in the application being denied. It is unnecessary to speculate concerning the possible legality of such a statutory requirement, when examined in light of the federal Social Security Act and constitutional protections. unless and until the Legislature so acts. The enactment of such a provision *Page 188 
at least would carry with it a legislative determination that this identification procedure constitutes a necessary and reasonable means of controlling and preventing welfare fraud. However, it would be premature for me to discuss such a restriction on eligibility when the Legislature has not yet shown any interest in adopting statewide this type of fraud control measure.
Although your request deals in large part with general relief, you also raise the same questions for the federal-state categorical aid programs. My response obviously is the same with the further admonition that such a measure, as applied to the social security programs, would have to be within the broad range of discretion vested in the states under federal law. Swanson v.Health Social Services Dept., 105 Wis.2d 78, 85-86,312 N.W.2d 833 (Ct.App. 1981).
BCL: DPJ